# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA
# NEW ORLEANS DIVISION

| JOSEPH DAGGS | § | CIVIL ACTION |
|---|---|---|
| Plaintiff, | § | NO. 2:19-cv-00071 |
| VS. | § | |
| GULF OFFSHORE LOGISTICS, LLC | § | |
| Defendant | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, JOSEPH DAGGS**, hereinafter referred to as Plaintiff, complaining of Defendants, **GOL, LLC, REC MARINE LOGISTICS, LLC** and **T & T MARINE 2, LLC** and for cause of action would respectfully show this Honorable Court as follows:

## PARTIES

1. Plaintiff, JOSEPH DAGGS, is a resident of Louisiana.

2. Defendant, GOL, LLC may be served with process by serving its registered agent, Matt Bernard, at 4535 Highway 308 Raceland, LA 70394.

3. Defendant, REC MARINE LOGISTICS, LLC may be served with process by serving its registered agent, Ronald Elie Chaddock, at 4535 Highway 308 Raceland, LA 70394.

4. Defendant, T & T MARINE 2, LLC may be served with process by serving its registered agent, Todd P. Danos, at 4535 Highway 308 Raceland, LA 70394.

## JURISDICTION

5. The Court has jurisdiction over the subject matter of this lawsuit pursuant to the Jones Act 46 U.S.C. App. § 30104 and the Seaman's Act 28 U.S.C. § 1916.

1

6. The Court has jurisdiction over the parties to this lawsuit. Specifically, Defendants are citizens of the State of Louisiana by virtue of their principal place of business.

**FACTS**

7. Upon information and belief, at all relevant times, Defendants GOL, LLC and/or REC MARINE LOGISTICS, LLC operated the *M/V Briana Marie* on or about November 30, 2018.

6. At all relevant times, Plaintiff was employed by Defendants GOL, LLC and/or REC MARINE LOGISTICS, LLC as a deckhand on the *M/V Briana Marie* on or about November 30, 2018.

7. At all relevant times, *the M/V Briana Marie* was owned by T & T MARINE 2, LLC.

7. On or about November 30, 2018, Plaintiff sustained injuries to his neck, back, and body in general when he slipped and fell back landing on construction materials left aboard the stern deck of the *M/V Briana Marie*. At the time of the incident, Plaintiff was traversing the aft deck in heavy rolling seas upon the direction of the ship's captain to assist with the boarding of two individuals transiting from the lower level of an oil and gas platform via a swing rope. Plaintiff was assigned to catch the two individuals during their swing from the platform to the aft deck of the *M/V Briana Marie*.

**CAUSES OF ACTION**

8. At all relevant times, Plaintiff was in the course and scope of his employment as a seaman deckhand for the Defendants, GOL, LLC and/or REC MARINE, LLC aboard the *M/V Briana Marie*, which was owned by T & T MARINE 2, LLC. The actions and/or inactions of the Defendants GOL, LLC and/or REC MARINE, LLC and/or its officers, agents and/or employees alleged as negligent include but are not limited to: failing to remove the construction materials that remained aboard the

aft deck of the vessel, which presented a hazard in the sea conditions present; failing to maintain the vessel with systems necessary to maneuver her safely in close quarters with a platform at sea; ordering Plaintiff to proceed in an unreasonably unsafe fashion to the furthest aft point in sea conditions that did not provide safe passage down the deck. The negligence of the Defendants was a proximate and/or producing cause of Plaintiff's injuries and damages.

9. At the time of trial, Plaintiff will show that the *M/V Briana Marie* was unseaworthy due to but not limited to: unsafe work procedures aboard including transiting of platform contractors in rough sea conditions, inadequate crew training for the transiting of platform contractors, and decks obstructed with construction materials such that safe passage was made arduous by sea conditions. Said unseaworthy conditions were a producing/proximate cause of Plaintiff's injuries.

10. Plaintiff would show that on the above-mentioned date, he was injured while in the course and scope of his employment with Defendants GOL, LLC and/or REC MARINE, LLC and while serving as a seaman in the service of the vessel owned by Defendant, T & T MARINE 2, LLC, which along with Defendants GOL, LLC and/or REC MARINE, LLC owed a duty to provide Plaintiff with a seaworthy vessel. Further, Defendants GOL, LLC and/or REC MARINE, LLC breached their absolute duty to provide Plaintiff with maintenance and cure. As a result of Defendants' unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff would also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action, and he is entitled to reasonable attorneys' fees for the collection of the maintenance and cure benefits due to him for the arbitrary and capricious denial of said benefits.

11. Plaintiff would further show that Defendants' refusal to pay maintenance and cure was done willfully and wantonly. Therefore, Plaintiff is entitled to punitive damages.

## DAMAGES

12. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

   a. Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

   b. Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

   c. Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

   d. Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

   e. Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

   f. Plaintiff has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

   g. Plaintiff sues for found damages in the past and future.

13. To the extent Plaintiff suffered from any pre-existing conditions, if any, Plaintiff would show that such pre-existing conditions were aggravated by the occurrence in question.

## JURY DEMAND

14. Plaintiff demands a trial by jury.

   **WHEREFORE, PREMISES CONSIDERED,** Plaintiff asks for judgment against Defendants for the following:

a. Actual damages and punitive damages;
b. Attorneys' fees against Defendant, GOL, L.L.C and/or REC MARINE LOGISTICS, LLC,
c. Pre-judgment interest and post-judgment interest at the maximum legal rate;
d. Costs of court; and,
e. Any and all further relief, be it general or special, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**The Law Office of Ronald C. Hammock, APLC**

_____
**Mr. Ronald C. Hammock**
**Louisiana Bar Roll No. 06480**
**321 N Vermont Street, Suite 106**
**Covington LA, 70433**
**Phone: (985) 302-9553**
**Email: RonHammock@RCHammocklawfirm.com**

**ATTORNEY FOR PLAINTIFF**
**JOSEPH DAGGS**

Respectfully submitted,

**Kolodny Law Firm, PLLC**

_____
**Mr. Alan Kolodny**
**State Bar of Texas: 24056882**
**Mr. Rashon Murrill**
**State Bar of Texas: 24110622**
**1011 Augusta Dr., Suite 111**
**Houston, TX 77057**
**Telephone: (713) 532-4474**
**Facsimile: (713) 785-0597**
**Email: akolodny@fko-law.com**
**Email: rmurrill@fko-law.com**

**ATTORNEYS *PRO HAC VICE* FOR**

**PLAINTIFF JOSEPH DAGGS**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record herein in accordance with the Federal Rules of Civil Procedure on April 19, 2019.

**Via ECF:**
**Mr. Salvador J. Pusateri, T.A.**
**Louisiana Bar Roll No. 21036**
**Mr. Kyle A. Khoury**
**Louisiana Bar Roll No. 33216**
**Pusateri, Johnson, Guillot & Greenbaum, LLC**
**1100 Poydras Street, Suite 2250**
**New Orleans, LA 70163**
**Phone: (504) 620-2500**
**Email: Salvador.Pusateri@pjgglaw.com**
**Email: Kyle.Khoury@pjgglaw.com**

**ATTORNEYS FOR GULF OFFSHORE LOGISTICS, LLC**

_____
Alan Kolodny