## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **JOSEPH DAGGS** | § | CIVIL ACTION NO. 2:19-cv-00071 |
| | § | |
| Plaintiff, | § | DISTRICT JUDGE: |
| VS. | § | BARRY W. ASHE |
| | § | |
| **GULF OFFSHORE LOGISTICS, LLC** | § | MAGISTRATE JUDGE: |
| | § | JOSEPH C. WILKSINSON, JR. |
| Defendant | § | |
| | § | SECTION: M (2) |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Joseph Daggs (hereinafter referred to as "Plaintiff") through undersigned counsel and serves his Memorandum in Opposition to Defendants GOL, LLC and REC Marine Logistics, LLC's Motion for Partial Summary Judgment and in support thereof would respectfully show the Court as follows:

### Arguments and Authorities

**A. Standard of Review for Motion of Summary Judgment**

To succeed on a motion for summary judgment, the movant must show there is no genuine issue of material fact and the movant is entitled to summary judgment as a matter of law.[1] If the dispositive issue is one on which the moving party will bear the burden of proof at trial, such as an affirmative defense, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[2]

---

[1] Fed. R. Civ. Proc. 56(a)
[2] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991)

**B. McCorpen Defense**

Defendants' McCorpen defense is not valid because Defendants do not meet all three prongs required for the defense. In *McCorpen v. Central Gulf Steamship Corp.,* the Fifth Circuit held an employer does not need to pay maintenance and cure if a seaman intentionally conceals or fails to disclose past illness or injury to an employer who required the seaman to complete a pre-employment medical examination or interview.[3] The three elements an employer must prove are: (1) the seaman intentionally misrepresented or concealed medical facts; (2) the omitted facts were material to the employer's hiring decision; and (3) a causal connection exists between the prior injury or ailment and the present injury at issue.[4]

Defendants' McCorpen defense is not valid because Defendants have not conclusively established *any* of the three prongs required for the defense as is their summary-judgment burden.

*1. Intentional Concealment*

One of the required prongs of the McCorpen defense is that the seaman intentionally concealed an injury or ailment if specifically asked about said injury or ailment in a pre-employment questionnaire. Defendants do not meet the concealment prong of the McCorpen defense because Plaintiff was only asked to note *significantly experienced* injuries, yet Defendant never established that any prior injuries experienced by Plaintiff were significant.

Part of Plaintiff's application package to be a deckhand/rigger was to complete a pre-employment physical which included a medical history questionnaire.[5] The instructions for the questionnaire were, "Circle Y for YES and N for NO if you **currently** have the following

---

[3] *McCorpen v. Central Gulf Steamship Corp.* 396 F.2d 547 (5th Cir. 1968)
[4] *Id*. at 548-549
[5] Exhibit A

2

symptoms *or* **have significantly in the past**."[6] (emphasis added)  As such, Defendants GOL, LLC/REC Marine Logistics, LLC were specifically asking if Plaintiff, as a potential employee, fit into one of two categories: (1) someone who *currently* has any of the injuries listed below (at the time the questionnaire was completed), or (2) has *significantly* had any of the injuries in the past.

As the movants, Defendants have the burden of proof to establish conclusively the concealment element of their affirmative *McCorpen* defense.  Defendants have provided this Court with no evidence that Plaintiff was experiencing any back or neck injuries at the time that he completed the questionnaire.  Therefore, their summary-judgment concealment argument fails with respect to category (1) above.  As for category (2), Defendants GOL, LLC/Rec Marine Logistics, LLC added the subjective qualifier "significantly" to what otherwise may have been a more objective inquiry.  In effect, Defendants left it up to Plaintiff to determine if he subjectively believed that he had *significantly* experienced in the past any of the injuries asked about.

In their memorandum in support of their summary-judgment motion, Defendants argue, "the questionnaire…was clearly designed to elicit information concerning *any* prior back or neck injuries, as well as *any* prior instances of neck or back pain."[7] (emphasis added) However, as noted above, the assertion that *any* neck or back pain was asked about in the questionnaire is simply not true.  The questionnaire only asked about *current* or previous *significant* episodes of neck or back pain; it was not designed to obtain "any" information about prior neck or back injuries/pain as Defendants claim.  Consequently, to the extent that Plaintiff had experienced any injuries asked about in the employment application, the question of whether Plaintiff *significantly* experienced any such injuries is a fact question that must be left for the jury to

---

[6] *Id.*
[7] Rec. Doc. 31-1

decide. If a jury were to decide that any previous back or neck injuries were not "significant," then Plaintiff did not conceal anything by circling "N" on the questionnaire. Therefore, Defendants have not conclusively established the intentional concealment element of their *McCorpen* defense.

  2. *Materiality*

The second prong of the McCorpen defense is that the omitted facts were material to the employer's hiring decision.[8] Contrary to Defendants' implication, Defendants GOL, LLC/REC Marine Logistics, LLC did not solely rely on the questionnaire to decide whether or not to hire Plaintiff. The questionnaire was a small part of a broader application package that included a physical evaluation. After completing his physical evaluation, Plaintiff was ultimately hired and he completed his training in early November.[9] Plaintiff was then sent to work on the *Dustin Danos* for about a week and a half.[10] It was only after the *Dustin Danos* that Plaintiff was transferred to work on the *Briana Marie*.

Plaintiff passed Defendants' pre-employment physical and training, was hired to work on the *Dustin Danos*, and was able to complete his work on the *Dustin Danos* before he was injured on the *M/V Briana Marie*. This suggests that at the time that he was hired by Defendants, he was not suffering from any injuries. If he were, he would not have been able to pass the physical or work on the *Dustin Danos*. The pre-employment questionnaire was not the only metric used to determine whether Plaintiff would be hired by Defendants. The much more significant metric regarding Defendants' testing of Plaintiff's ability to perform his potential job duties was the pre-employment physical, which Plaintiff passed. Simply put, despite the questionnaire, Defendants

---

[8] *McCorpen* at 549
[9] Exhibit B, p. 123, L. 5-8
[10] *Id*. at p. 124, L. 15-16

4

got a chance to test Plaintiff's physical ability to work as a deckhand before hiring him, and he passed that test to Defendants' satisfaction.

Contrary to Defendants' implication that they relied solely on the questionnaire in deciding whether to hire Plaintiff, in reality, the questionnaire was only one small part of the overall hiring process, which included the physical and training. Defendants' own affiant, Blaine Russell, essentially admits as much in the unsworn declaration that Defendants included with their Memorandum in Support of Motion for Partial Summary Judgment.[11] Mr. Russell states that if Plaintiff had listed any past injuries on the questionnaire, "REC Marine would have required further medical information from [Plaintiff]" and that Plaintiff's prior injuries [would have been important to REC Marine" in the hiring process.[12]

### *Objection to the Unsworn Declaration of Blaine Russell*

However, nowhere in Mr. Russell's self-serving affidavit does he state that (a) he even has personal knowledge of the answers Plaintiff put on the questionnaire; (b) that he has personal knowledge of the hiring deliberations regarding the hiring of Plaintiff specifically (given that there's no evidence that Blaine Russell was working at REC Marine, much less as its operations manager, at the time Plaintiff was hired); or (c) that he has personal knowledge that REC Marine *would not* have hired Plaintiff had Plaintiff indicated any previous neck and/or back injury in the pre-employment questionnaire. For these reasons, Plaintiff objects to the competency of the unsworn declaration of Blaine Russell as summary-judgment evidence.

Defendants have not met their burden to establish the materiality element of their *McCorpen* defense. In addition, the question remains a fact issue because as courts in this district have stated before, "if a plaintiff shows he would have been hired regardless of whether the

---

[11] Exhibit C
[12] *Id.*

5

concealment was material, the employer loses on the second prong."[13] The fact that Defendants' own employee, Mr. Russell, could not even state that he would have refused to hire Plaintiff had Plaintiff mentioned previous injuries on the questionnaire suggests that Plaintiff may well have been hired even if Plaintiff *had* disclosed previous back and/or neck injuries. As such, the question of whether the lack of previous injuries of Plaintiff on the questionnaire was material to Defendants GOL, LLC/REC Marine Logistics, LLC's choosing to hire Plaintiff is a fact issue needs to be evaluated and decided by a jury.

### 3. Causal Connection

The third prong of the McCorpen defense that Defendants have the burden to establish is that a causal connection exists between the prior injury or ailment and the present injury at issue.[14] While different courts have interpreted what constitutes a "causal connection" differently, a recent court case determined whether there was a "causal connection" between past undisclosed injury and present injury by closely examining the extent to which a relationship exists between the plaintiff's undisclosed pre-employment injury to the plaintiff's Jones Act injury. In *Jackson v. NCL America, LLC*, the Court held that the district court did not err in concluding that the employer failed to satisfy the causation element of the *McCorpen* defense when the employer failed to show a connection between the plaintiff's previous injury and his maritime injury.[15] As the Court noted, simply showing that the previous injury affected the same body part as the current injury does not suffice.[16]

Yet that is precisely what Defendants did in the present case. Defendants simply made the conclusory assertion that "Plaintiff's prior injuries and those complained of in this case are to

---

[13] *Dennis v. ESS Support Servs. Worldwide,* No. 15-690, 2016 WL 3689999, at *4
[14] *McCorpen* at 549
[15] *Jackson v. NCL America, LLC*, 2018 WL 1736817 (11th Cir. April 10, 2018) at *3
[16] *Id.*

6

the same part of his body."[17]  However, in their causal connection analysis, Defendants simply listed the previous injuries that Plaintiff reportedly sustained without ever stating what his current injuries are and comparing the current injuries to injuries he reportedly suffered previously.  Such a comparison is necessary in order to establish a causal connection.  In their memorandum supporting their summary-judgment motion, Defendants state, "Plaintiff's prior injuries and those complained of in this case are to the same part of his body," thereby just leaving it to the Court to assume that there is a causal connection between Plaintiffs' reported previous and present injuries.[18]  This statement is nothing more than a conclusory assertion made by Defendants and is not based on a close comparison of the nature of the injuries that Plaintiff suffered then and now as is required.  The burden is on Defendants as the summary-judgment movants to use evidence to compare any past injuries suffered by Plaintiff to the injuries that he suffered aboard the *M/V Briana Marie* in order to establish a causal connection between the past and present injuries.  Defendants have failed to even come close to meeting that burden.

Another problem for Defendants' causal connection argument is that they are alleging on the one hand that Plaintiff was not injured at all as a result of the incident made the basis of this suit, but simultaneously alleging on the other hand that Plaintiff *was* injured as a result of said incident, and that those injuries are causally connected to injuries that Plaintiff had sustained previously.

### *Defendants Allege on the One Hand That Plaintiff Was Not Injured as a Result of the Incident Made the Basis of this Suit.*

If we are to believe Defendants' own summary-judgment evidence, Plaintiff was not injured at all aboard the *M/V Briana Marie*.  According to the records of their hand-picked

---

[17] Rec. Doc. 31-1
[18] Rec. Doc. 31-1

7

doctors at Occupational Medical Services (OMS), whom Defendants took Plaintiff to the day that the incident made the basis of this suit occurred, Plaintiff showed no signs of injury from his fall on the ship.[19] The OMS nurse practitioner (NP) wrote in Plaintiff's OMS medical records that he took an x-ray of Plaintiff's lumbar spine and that the findings were as follows: "Intervertebral disc spaces appear normal. Foramina are all clear. There are no fractures, visible evidence of any chronic changes and there are no acute abnormalities, such as fractures or dislocations."[20] The NP adds that this x-ray looked "identical" to the x-rays that Plaintiff has had in the past and told Plaintiff that "his x-rays appeared normal."[21] In addition, Plaintiff received an MRI during this same visit to OMS, from which the NP also found "no acute abnormalities" in Plaintiff. According to these records, which Defendants attached as the very first exhibit to their Memorandum in Support of Motion for Partial Summary Judgment, Plaintiff was not injured from his fall aboard the *M/V Briana Marie*. Defendants are presenting these records to the Court as evidence that Plaintiff suffered no injuries in the incident made the basis of this suit.

In addition to the OMS records, Defendants aver in their pleadings that Plaintiff suffered no injuries as a result of his fall on the vessel. Plaintiff, in his First Amended Petition, makes the following allegation: "On or about November 30, 2018, Plaintiff sustained injuries to his neck, back, and body in general when he slipped and fell back landing on construction materials left aboard the stern deck of the *M/V Briana Marie*."[22] Defendants, in their Answer to Plaintiff's First Amended Petition, deny the allegations made in that paragraph in their entirety.[23] They

---

[19] Exhibit D
[20] *Id.*
[21] *Id.*
[22] Rec. Doc. 21
[23] Rec. Doc. 24

then deny every other paragraph from Plaintiff's First Amended Petition in which Plaintiff alleges injures. Since Defendants included no caveats as to disputes they have about Plaintiff's characterization of the nature or scope of Plaintiff's injuries, their broad denials of the entire paragraphs in which Plaintiff asserts injury indicates that they are affirming to the Court, through their Answer, that their position is that Plaintiff was not injured at all as a result of the incident made the basis of this suit.

*Defendants Allege on the Other Hand That Plaintiff Was Injured, and That There Is a Causal Connection Between His Present and Past Injuries*

As Defendants attempt to use their evidence and pleadings convince this Court that Plaintiff was not injured at all as a result of his fall, they simultaneously assert that Plaintiff's lower back and neck were indeed injured as a result of this incident, and that these injuries are causally connected to previous injuries that Plaintiff allegedly sustained. Defendants cite a case in which the Court stated that in order for the causal connection prong of the *McCorpen* defense to be satisfied, "a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage" is required.[24] After trying to convince this Court that Plaintiff incurred no disability during his voyage, Defendants then assert that Plaintiff incurred multiple disabilities during his voyage that he's also incurred in the past: "Plaintiff's prior injuries and those complained of in this case are to the same part of his body."[25]

In trying to have it both ways as to whether Plaintiff was even injured as a result of the incident made the basis of this suit, Defendants, in their maintenance and cure summary-judgment memorandum, have only created genuine issue of material regarding whether Plaintiff was injured at all. They cannot simultaneously make the mutually exclusive assertions through

---

[24] *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 176 (5th Cir. 2005).
[25] Rec. Doc. 31-1

their evidence and pleadings that on the one hand Plaintiff was not injured as a result of the incident made the basis of this suit, and on the other hand, Plaintiff was not only injured, but injured on the same body parts that he was injured previously.  Because of their failure to produce evidence of Plaintiff's current injuries in order to compare them to previous injuries to attempt to establish a causal connection, and their attempt to make two simultaneous, mutually exclusive assertions about whether he was injured at all, Defendants have fallen woefully short of their summary-judgment burden to establish conclusively a causal connection between any previous injuries reportedly sustained by Plaintiff and the injuries that he suffered aboard the *M/V Briana Marie* in the present matter.

## Conclusion

Defendants have failed to establish conclusively any of the three elements of their *McCorpen* defense.  As such, Plaintiff respectfully requests that the Court deny Defendants' Motion for Partial Summary Judgment with prejudice and, pursuant to Plaintiff's previously filed Motion for Preliminary Injunction, order Defendants to pay back Plaintiff's maintenance and cure, as well as his reasonable attorney's fees and court costs.

**Respectfully submitted,**

The Law Office of Ronald C. Hammock, APLC

_____
Mr. Ronald C. Hammock
Louisiana Bar Roll No. 06480
321 N Vermont Street, Suite 106
Covington LA, 70433
Phone: (985) 302-9553
Email: RonHammock@RCHammocklawfirm.com
**ATTORNEY FOR PLAINTIFF JOSEPH DAGGS**

Kolodny Law Firm, PLLC

_____
Mr. Alan Kolodny
State Bar of Texas: 24056882
Mr. Rashon Murrill
State Bar of Texas: 24110622
1011 Augusta Dr., Suite 111
Houston, TX 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: akolodny@fko-law.com
Email: rmurrill@fko-law.com
**ATTORNEYS *PRO HAC VICE* FOR PLAINTIFF JOSEPH DAGGS**


The Ferguson Law Firm, LLP

By: */s/ Paul 'Chip' Ferguson, Jr.*
Paul 'Chip' Ferguson, Jr.
State Bar No. 06919200
Tim M. Ferguson
State Bar No. 24099479
The Ferguson Law Firm, LLP
350 Pine Street, Suite 1440
Beaumont, Texas 77701
409-832-9700 (telephone)
409-832-9708 (facsimile)
cferguson@thefergusonlawfirm.com
tferguson@thefergusonlawfirm.com
**ATTORNEYS *PRO HAC VICE* FOR PLAINTIFF JOSEPH DAGGS**

## CERTIFICATE OF SERVICE

I do hereby certify that according to Federal Rules of Civil Procedure, the following has been served on each below outlined counsel of record on August 21, 2019.

                                    Rashon Murrill

**Via Electronic Service**
Mr. Salvador J. Pusateri, T.A.
Louisiana Bar Roll No. 21036
Mr. Kyle A. Khoury
Louisiana Bar Roll No. 33216
Pusateri, Johnson, Guillot & Greenbaum, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Phone: (504) 620-2500
Email: Salvador.Pusateri@pjgglaw.com
Email: Kyle.Khoury@pjgglaw.com
**ATTORNEYS FOR DEFENDANTS**
**GOL, LLC, REC MARINE LOGISTICS,**
**LLC, & T & T MARINE 2, LLC**