UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH DAGGS | CIVIL ACTION NO. 2:19-cv-00071 |
| VERSUS | SECTION M:<br>DISTRICT JUDGE BARRY W. ASHE |
| GULF OFFSHORE LOGISTICS, LLC, ET AL. | DIVISION 2:<br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

# GOL, LLC AND REC MARINE LOGISTICS, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGEMENT

**MAY IT PLEASE THE COURT:**

REC Marine Logistics, LLC ("REC Marine") and GOL, LLC ("GOL") file this Reply Memorandum to address arguments made by the plaintiff, Joseph Daggs, in opposition to REC Marine and GOL's Motion for Partial Summary Judgment. Plaintiff argues that defendants have failed to establish all three elements of the *McCorpen* defense, and that summary judgment is not appropriate. For the reasons that follow, plaintiff is incorrect.

**1. Intentional Concealment**

Daggs first argues that the intentional concealment prong of *McCorpen* is not satisfied because of the use of the word "significantly" in the questionnaire which he completed in connection with his pre-employment physical for REC Marine. As plaintiff correctly points out, the questionnaire specifically reads "Circle Y for YES and N for NO if you currently have the following symptoms or have significantly in the past." Plaintiff seemingly acknowledges, as he must, that the intentional concealment prong of *McCorpen* is an objective inquiry that "neither necessarily turns on credibility nor requires subjective determination." *Brown v. Parker Drilling*

*Offshore Corp.*, 410 F.3d 166, 175 (5th Cir. 2005). "Failure to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information satisfies the intentional concealment requirement." *Brown*, 410 F.3d at 174 (internal quotation marks and citations omitted). Despite this, plaintiff claims the word "significantly" introduced an element of subjectivity into the questionnaire "[leaving] it up to Plaintiff to determine if he subjectively believed that he had *significantly* experienced in the past any of the injuries asked about."[1] It should be noted that plaintiff does not actually claim that his prior neck and back injuries were not significant. Rather, he appears to argue solely that the question of whether his prior injuries were significant must first be decided by the jury before a decision can be made as to whether he intentionally concealed those prior injuries.

Plaintiff's argument is unpersuasive. Louisiana federal courts have repeatedly found the intentional concealment prong of *McCorpen* satisfied (including in the summary judgment context) despite the use of the word "significantly" in a questionnaire. See *Hardison v. Abdon Callais Offshore, LLC*, 2012 WL 2878636 (E.D. La. 2012); *Wimberly v. Harvey Gulf International Marine, LLC*, 126 F.Supp. 3d 725, 728 (E.D. La. 2015)(wherein the pertinent questionnaire appears to have contained the <u>exact</u> same language at issue in this case); *Billiot v. Cheramie Marine, LLC*, 2010 WL 4702946 (E.D. La. 2010). In fact, in *Ladnier v. REC Marine Logistics, LLC*, 2015 WL 3824382, 2015 A.M.C. 1919, 1925, U.S. District Judge Susie Morgan granted summary judgment to REC Marine based on a medical history questionnaire that was identical to the one completed by Mr. Daggs in this case. REC Marine also wishes to point out the case of *Owens v. Abdon Callais Offshore, LLC*, 2011 WL 3654239 (E.D. La. 2011). Although *Owens* was technically decided after a bench trial, its reasoning regarding satisfaction of the intentional

---
[1] See plaintiff's Opposition Memorandum, Rec. Doc. 36, p. 3

concealment prong of the *McCorpen* defense is equally applicable in the summary judgment context. In *Owens* the court was faced with a questionnaire containing a prefatory statement identical to the one completed by the plaintiff herein. In that case, the plaintiff circled "N" for "injured back/back pain" when asked to "circle Y for YES and N for NO if you currently have the following symptoms or have significantly in the past." *Owens,* 2011 WL 3654239 at *1. The plaintiff contended that he did not intend to deceive his employer in completing the questionnaire, claiming that he did not consider his earlier back pain to have been "significant." In rejecting this argument, the Court held as follows:

> The medical records reflect that Owens suffered from back pain for at least two weeks that was serious enough to occasion a visit to the emergency room and that he received prescription medications for his condition. Owens stated at trial that the pain persisted for one and a half to two days after his emergency room visit. Under these circumstances, the Court finds that Owens's 2006 lower back pain with numbness in his left leg was <u>objectively significant</u>, and, accordingly, that the intentional concealment prong of the *McCorpen* test has been met.

*Owens*, 2011 WL 3654239 at *10 (emphasis added). Like the plaintiff in *Owens*, plaintiff's prior injuries and complaints of pain to his neck and back are objectively significant. There is no genuine issue of fact that plaintiff intentionally concealed his prior injuries from REC Marine. In fact, Daggs even acknowledged at his deposition that his questionnaire responses were not truthful, and that he concealed his medical history because he was afraid if he disclosed his prior history he would not be hired.[2] Clearly plaintiff himself must have deemed his prior injuries significant if he felt that disclosing such could potentially cause him not to be hired.

---

[2] See Exhibit J, p. 116, to REC Marine's Motion for Partial Summary Judgment.

## 2. Materiality

In addressing the materiality prong, plaintiff makes the following statement: "Contrary to Defendants' implication, Defendants…did not solely rely on the questionnaire to decide whether or not to hire Plaintiff." This statement is rather confusing, as REC Marine has never claimed that it relied *solely* on the medical history questionnaire. In fact, the Unsworn Declaration of REC Marine's operations manager, which is attached to REC Marine's Motion for Partial Summary Judgment, specifically states that "the medical history questionnaire which a potential employee is required to complete forms part of an overall assessment of whether the potential employee is physically capable of performing the work of a deckhand."[3]

Plaintiff's main argument regarding materiality appears to be that his failure to disclose his prior medical history was not material to REC Marine's hiring decision because he passed a physical evaluation and was able to work for almost one month as a deckhand before his alleged injury. Unfortunately for plaintiff, this very same argument has been unanimously rejected by the courts, including the U.S. Fifth Circuit Court of Appeals. Recently, in *Wheeler v. Transocean Offshore USA, Inc.*, 2017 WL 4402433, *4 (E.D. La. 2017), the court stated as follows:

> The plaintiff relies heavily on the fact that he passed all physical tests on the day of the examination. This argument is irrelevant. The Fifth Circuit discredited the same argument in *Brown* when the plaintiff in that case argued that his concealment was not material because he could perform heavy labor for his first few months on the job. [The plaintiff's employer] based its hiring decision (at least, in part) upon whether the applicant had significant previous medical issues, not solely on whether the applicant could complete difficult manual labor tasks at the time of hiring.

The same result was reached in *Wimberly*, supra, where the Court wrote:

> [Wimberly] argues that Harvey Gulf ignored that Wimberly worked for Abdon Callais for a year without incident and that he passed Abdon Callais's physical examination and physical

---
[3] See Exhibit L to Motion for Partial Summary Judgment.

> capabilities test. In *Brown* the Fifth Circuit deemed the same argument irrelevant where the plaintiff claimed materiality did not exist because he worked the first few months of his job without incident. The fact that Wimberly worked under Abdon Callais and Harvey Gulf for a year before the accident and passed a physical capability test is irrelevant because similar to the defendant in *Brown*, Harvey Gulf based its hiring decision in part upon whether applicants experienced prior back and neck trouble, not their ability to on the date of their application, complete difficult manual labor tasks.

*Wimberly*, 126 F.Supp. 3d 725, 733 (internal quotations omitted).

Information is considered material for purposes of the *McCorpen* defense when "an employer asks a specific medical question on an application, and…the inquiry is rationally related to the applicant's physical ability to perform his job duties." *Brown v. Parker Offshore Drilling Corp,* 410 F.3d at 175. Plaintiff does not dispute that the questions concerning prior back or neck injuries were rationally related to his physical ability to perform the strenuous work of a deckhand. Rather he notes that "if a plaintiff shows he would have been hired regardless of whether the concealment was material, the employer loses on the second prong [of *McCorpen*]." While this is a correct statement of law, plaintiff has put forth absolutely no evidence that he would have been hired had he disclosed his history of low back and neck injuries. It should be noted that once an employer has established that the concealment was material under the standard set forth above, it is up to <u>the plaintiff</u> to establish (even on summary judgment) that he would have been hired anyway if he wants to avoid application of the *McCorpen* defense. *Ladnier*, 2015 A.M.C. 1919, 1929. In order to prevail on summary judgment, an employer does not have to show that it would not have hired an individual had it known of prior injuries or conditions. "Courts in [the Fifth Circuit] have repeatedly granted summary judgment, dismissing a plaintiff's claim for maintenance and cure, when the evidence establishes that full disclosure of the plaintiff's medical condition would have prompted his employer to conduct further medical evaluation prior to

making a hiring decision." *White v. Sea Horse Marine, Inc.*, 2018 WL 3756475, *3 (E.D. La. 2018)(citing *Thomas v. Hercules Offshore Servs., LLC*, 713 Fed. Appx. 382, 387-88 (5th Cir. 2018)); See also *Wimberly*, 126 F.Supp. 3d at 733 (finding materiality element satisfied where defendant's human resources manager submitted an unsworn declaration stating that he would have "further inquired about [plaintiff's] medical history before hiring [him] if he had disclosed more information about his back and neck problems."). In *Ladnier*, supra, Judge Susie Morgan granted summary judgment to REC Marine finding that the materiality element was satisfied where the unsworn declaration submitted by REC Marine stated that, had plaintiff fully disclosed his medical history, "REC Marine would have required further medical information from him, including prior medical records, and would have required further evidence of his capability of performing the duties of a vessel captain before a decision was made as to his employability." *Ladnier,* 2015 A.M.C. 1919, 1929. This is essentially the same information contained in the unsworn declaration submitted in the instant case.

Plaintiff attempts to assail the unsworn declaration submitted in this case for various reasons. It should be noted that the unsworn declaration submitted in the instant case is in all pertinent respects the same as the one which was found sufficient in *Ladnier*. It was even submitted by Blaine Russell, the very same person who submitted the unsworn declaration in *Ladnier*. The *Ladnier* unsworn declaration was submitted in 2015, and notes that Russell is the operations manager for REC Marine. This clearly refutes plaintiff's contention that there "is no evidence that Russell was working at REC Marine, much less as its operations manager, at the time plaintiff was hired." On the contrary, Russell was the operations manager at REC Marine in 2015 and, as noted in his most recent declaration, was still the operations manager at REC Marine in 2018 when plaintiff was hired. His unsworn declaration in this case further notes that it is made upon personal

knowledge of the information set forth therein. Plaintiff's effort to discredit the declaration is unavailing.

### 3. **Causality**

Regarding the causation element, plaintiff cites to an unpublished and non-precedential decision from the U.S. Court of Appeals for the Eleventh Circuit for the proposition that causation for purposes of the *McCorpen* defense cannot be established by simply showing that a previous injury affected the same body part as the current injury. This directly contradicts what numerous courts within the Fifth Circuit have held. The *Wimberly* case discussed above involved a plaintiff who alleged a current injury of "moderate degenerative disc disease and spondylosis at the L4-5 and L5-S1 levels with central annular tear at both levels…[and] chronic-appearing moderate T12 compression fracture." *Wimberly,* 126 F. Supp. 3d at 734-35 (E.D. La. 2015). Prior to the injury sued upon, the plaintiff's history of back problems consisted of "lower back pain," "back pain," 'back sprain," "lower back sprain," and a diagnosis of an "L1 vertebral body wedge compression fracture of unknown age." *Wimberly* at 734. In finding that causality was established, the court held that "[w]hile the compression fracture and the reports of back strains are not 'identical' to Wimberly's current disc injury, the location of his past issues of pain and injuries coincide [with] the previous injuries to the lower back area." *Id*. at 734-35. See also *Johnson v. Cenac Towing*, 599 F.Supp.2d 721, 728-29 (E.D. La. 2009) ("the *McCorpen* defense will succeed if the defendant can prove that the old injury and the new injury affected the same body part."); *Chapman v. Spartan Offshore Drilling, LLC*, 2016 WL 1393490, at *5 (E.D. La. 2016)("The link between prior and present injuries does not necessarily need to occur to the exact same vertebrae or tissue but rather in the same location on the body."); *Kathryn Rae Towing, Inc. v. Buras*, 2013 WL 85210, at *7 (E.D. La. 2013)(finding a causal link on summary judgment where previous diagnoses and

the precise lumbar vertebrae injured were not identical but employee's complaints to doctors were quite similar); *Weatherford v. Nabors Offshore Corp.*, 2004 WL 414948, at *3 (E.D. La. 2003)(finding a causal link on summary judgment where plaintiff concealed prior injury to lower back and instant injury claim included pain in the lower back). Based on the above cases, as well as many others, plaintiff is simply wrong on the standard governing causation in the *McCorpen* context.

Daggs next claims that "defendants simply listed the previous injuries that [he] reportedly sustained without ever stating what his current injuries are and comparing the current injuries to injuries he reportedly suffered previously"[4] It is difficult to see how anyone could make this statement if they had actually read the Motion for Partial Summary Judgment filed by REC Marine and GOL. The Motion sets forth in specific detail the injuries with which plaintiff has currently been diagnosed by his own treating physician as well as those he experienced prior to being hired by REC Marine.[5] The Motion even devotes separate sections to a discussion of plaintiff's prior and current alleged injuries.[6]

Plaintiff then makes a rather curious argument which undersigned counsel has never encountered. Daggs claims the *McCorpen* defense fails on the causality prong because defendants have denied that plaintiff sustained the injuries he is now claiming. Plaintiff notes that the defendants denied in their Answer that plaintiff sustained the injuries which he alleges in his Complaint. He goes on to imply that this somehow precludes the defendants from now arguing that there is a causal connection between his prior injuries and his current alleged injuries. Under this reasoning, any defendant who wanted to assert a *McCorpen* defense would first have to admit

---

[4] Rec. Doc. 36, p. 7.
[5] Rec. Doc. 31-1, pgs. 2-6
[6] *Id.*

that a plaintiff sustained the injuries claimed in their lawsuit. This would be an absurd result. It is quite likely that in nearly every case cited in this brief where summary judgment was granted on the *McCorpen* defense the defendant also denied in their Answer that the plaintiff suffered the injuries he or she was claiming. This clearly presents no impediment to the grant of summary judgment. Defendants are simply arguing that, accepting plaintiff's allegations of his current injuries as true, there is a causal connection between those current alleged injuries and his prior injuries under the applicable legal standard. This is not a novel or strange concept.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Motion for Partial Summary Judgment filed by REC Marine and GOL, defendants respectfully request that this Honorable Court grant summary judgment and dismiss plaintiff's claim for maintenance and cure, with prejudice.

Respectfully submitted,

*/s/ Kyle A. Khoury*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
salvador.pusateri@pjgglaw.com
kyle.khoury@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC AND GOL, LLC**