# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH DAGGS** | **CIVIL ACTION NO. 2:19-cv-00071** |
| **VERSUS** | **DISTRICT JUDGE:** <br> **BARRY W. ASHE** |
| **GULF OFFSHORE LOGISTICS, LLC, ET AL.** | **MAGISTRATE JUDGE:** <br> **JOSEPH C. WILKINSON, JR.** |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING THE ADMISSIBILITY OF DEFENDANTS' EXPERTS

**MAY IT PLEASE THE COURT:**

Plaintiff, Joseph Daggs, has filed a Motion in Limine Regarding the Admissibility of Defendants' Experts. More particularly, plaintiff seeks to exclude expert evidence from Dr. Christopher Cenac, Karin Becker, and Angela Audler. REC Marine Logistics, LLC, GOL, LLC and T&T Marine 2, LLC (hereinafter sometimes collectively referred to as "defendants"), oppose plaintiff's Motion, and respectfully request that it be denied for the reasons that follow.

## PERTINENT BACKGROUND

Joseph Daggs seeks to exclude expert evidence (including written reports, exhibits attached to reports, and oral testimony) of three of defendants' expert witnesses. More particularly, plaintiff seeks to exclude expert evidence from defendants' IME physician, Dr. Christopher Cenac, Jr., as well as Karin Becker and Angela Audler, two proposed experts in the field of medical auditing who plan to testify as to the reasonable and customary charges for the medical treatment undergone by plaintiff. With respect to Dr. Cenac, the sole argument for exclusion is that defendants did not initially produce information pertaining to the compensation to be paid to Dr. Cenac for his services in accordance with Fed. R. Civ. P. 26(a)(2)(B)(vi). This was a mere oversight which has

now been cured and could not possibly result in any prejudice to plaintiff. As for Ms. Becker, plaintiff seeks to exclude her testimony for the same reason as Dr. Cenac, and on the additional basis that Becker did not provide a list of cases in which she has testified within the last four years. The reason for this is simple--Ms. Becker has not testified at trial or by deposition within the last four years. Regarding Ms. Audler, plaintiff requests that she be excluded because she was not listed on defendants' original Witness and Exhibit List, despite the fact that defendants timely designated Audler as an expert and provided associated disclosures. Finally, plaintiff argues that both Becker and Audler should not be allowed to testify because the report which they jointly signed does not contain a "complete statement of [their]… opinions."[1]

Applicable to a resolution of plaintiff's Motion in Limine is a discussion of the Court's Scheduling Order and pertinent deadlines set in this case. The Scheduling Order states that disclosures pertaining to testifying experts for the defendants are due no later than September 10, 2019. On August 22, 2019, defense counsel requested a brief two-week extension to produce defendants' expert disclosures.[2] Counsel for the plaintiff agreed to the extension, making defendants expert disclosures due by September 24, 2019.[3] In accordance with this agreement, defendants' expert disclosures were produced on September 24, 2019. The Court's Scheduling Order also states that "motions in limine regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than October 10, 2019."[4]

---

[1] Rec. Doc. 51-1, p. 2
[2] See correspondence dated August 22, 2019, along with response thereto, attached hereto as Exhibit A.
[3] Exhibit A
[4] Rec. Doc. 15, p. 1

## LAW AND ARGUMENT

### Plaintiff's Motion in Limine is Untimely

At the outset, it should be noted that plaintiff's Motion in Limine is untimely. As stated above, the Scheduling Order issued in this case requires that motions in limine regarding the admissibility of expert testimony be filed and served "in sufficient time <u>to permit hearing thereon no later than October 10, 2019.</u>" (emphasis added). According to Local Rule 7.2, "[u]nless otherwise ordered by the court, motions must be filed not later than the fifteenth day preceding the date assigned for submission, and actual notice of the submission date must be given to opposing counsel at least fifteen days before the submission date…" LR 7.2. As such, in order for plaintiff's Motion to be filed in time to permit a hearing thereon no later than October 10, 2019, it would had to have been filed by September 25, 2019. However, it was not filed until October 10, 2019. The Motion should therefore be denied as it was not filed by the deadline set forth in this Court's Scheduling Order. See *Speaks v. IMC Phosphates*, 2002 WL 34376588, at *2 (E.D. La. 2002)(denying a similar motion in limine and stating "The Court is surprised that defendant has sought exclusion of the [expert] reports based upon a Scheduling Order infraction when defendants have 'dirty hands'…Defendants here failed to file the motion in limine …pursuant to the deadlines in the Scheduling Order.").

### Legal Standard

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

**(2)** *Disclosure of Expert Testimony.*

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Rule 37(c) of the Federal Rules of Civil Procedure provides the consequences of a party's non-compliance with Rule 26(a):

(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.

(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

In discussing the interplay between Rule 26(a) and Rule 37(c), the Court in *In re Katrina Canal Breaches Consol. Litigation,* stated as follows:

> It is within a district court's discretion to sanction a party for failure to comply with Rule 26(a) by striking a party's expert and prohibiting the expert from testifying at trial. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996). When determining whether to strike a party's expert, a district court should consider the following four factors: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." *Sierra Club*, 73 F.3d at 572; *Seymour v. Consol. Freightways*, 187 F.R.D. 541, 542 (S.D. Miss. 1999). Exclusion of expert testimony has been described as an "extraordinary sanction," and a court must "consider the effect of the conduct for which that sanction is sought has had on the court's docket, whether it has prejudiced that party's opponent, and whether deterrence is necessary to protect the integrity of the judicial system." *Seymour*, 187 F.R.D. at 542.

*In re Katrina Canal Breaches Consol. Litigation*, 2010 WL 1643760, *2 (E.D. La. 2010). The basic purpose of Rule 26 is to prevent prejudice and surprise. *Anders v. Hercules Offshore Services, LLC*, 311 F.R.D. 161, 164 (E.D. La. 2015). When no prejudice would be suffered, wholesale exclusion of an expert's testimony is rarely appropriate. Indeed, district courts usually find that the exclusion of otherwise admissible testimony for failure to meet a timing requirement is an extreme measure to be avoided where possible. *See Central Maine Power Company v. Foster Wheeler Corporation*, 115 F.R.D. 295, 297 (D.C. Me. 1987).

## Dr. Christopher Cenac

Plaintiff's sole argument for exclusion of defendants' IME physician, Dr. Christopher Cenac, is that a statement of the compensation to be paid to Dr. Cenac was not produced by the agreed upon deadline of September 24, 2019. Analysis of the four-factor test established by the U.S. Fifth Circuit clearly does not justify exclusion of Dr. Cenac's testimony based on this minor infraction. Regarding the first factor, the importance of Dr. Cenac's testimony is evident, as he is defendants only medical expert. Without the testimony of Dr. Cenac, defendants will be left without the ability to rebut the testimony of plaintiff's treating physicians regarding medical causation and the most proper course of treatment for plaintiff.

As set forth above, the second and third factors used by the Fifth Circuit question the prejudice to the opposing party of allowing the witness to testify, and the possibility of curing such prejudice by granting a continuance. Plaintiff does not even argue that he has suffered any prejudice due to the late disclosure of Dr. Cenac's fees. The reason is clearly that there is no prejudice. Upon reviewing plaintiff's Motion in Limine and noticing that a statement of Dr. Cenac's fees was inadvertently omitted from defendants' expert disclosures, defense counsel immediately remedied the deficiency the following day (October 11, 2019) by providing a fee schedule/rate sheet from Dr. Cenac.[5] This was nearly two months before trial and a month before the discovery deadline in this case (November 8, 2019), which has still not passed. Plaintiff simply cannot show that he has suffered any prejudice from the late production of a one-page document setting forth Dr. Cenac's fees as an expert. To the extent plaintiff wishes to question Dr. Cenac concerning his fees, there is still time before the discovery deadline for him to do so. Because there is no prejudice, there is likewise no need for a continuance to cure any such prejudice. As for the

---

[5] See correspondence dated October 11, 2019 along with fee schedule/rate sheet, attached hereto as Exhibit B.

fourth factor, the failure to produce the fee schedule was mere inadvertence. There was no dilatory purpose, and as noted above the deficiency has been fully remedied.

Undersigned counsel has been unable to locate a single case in which an expert has been precluded from testifying due to failure to timely produce a statement of their fees. In fact, multiple cases within the Eastern District of Louisiana have denied motions in limine seeking exclusion of experts where numerous items listed in Rule 26(a)(2)(B)(i)-(vi) were not timely provided. In *Messina v. Certain Underwriters at Lloyd's London*, the plaintiff produced expert reports by the applicable deadline, but did not include the experts' qualifications, a list of cases in which they had testified, or the compensation to be paid to the experts. *Messina v. Certain Underwriters at Lloyd's London*, 2008 WL 348706, *1 (E.D. La. 2008). In refusing to exclude the experts, District Judge Vance stated "Although plaintiffs have not offered any justification for their failure to adhere to the Court's scheduling order, neither has defendant asserted any potential prejudice in allowing the expert testimony. Further, defendant has not offered any justification for its own untimely motion to strike plaintiffs' experts." *Messina*, 2008 WL 348705, at *1. The Court ordered that the plaintiff produce its experts' qualifications, list of cases, and statement of compensation within one day. *Messina*, at *2.

A different division within the Eastern District of Louisiana reached the same result in *Hayes v. Southern Fidelity Ins. Co.*, 2014 WL 5305683 (E.D. La. 2014). The defendant in that case sought to exclude the plaintiff's experts because the plaintiff failed to disclose a list of cases in which the experts had testified, their fees, and a list of the experts' qualifications. The plaintiff did not provide a reason why she failed to produce all of the information required under Fed. R. Civ. P. 26(a)(2)(B), but argued that exclusion of her experts would be extreme because she identified them and produced their reports to the defendant in a timely manner. *Hayes*, 2014 WL 5305683,

at *15. In denying the defendant's motion in limine, the court stated as follows: "Although the information omitted by [plaintiff] is required by Rule 26(a)(2) and is certainly important, [defendant] has not articulated a specific prejudice that would justify excluding the experts from testifying at trial. Therefore, the omission was harmless, and [defendant's] motion is DENIED as to excluding the experts for non-compliance with the technical terms of Rule 26(a)(2)." *Id*

Defendants also point the Court to *Williams v. State*, 2015 WL 7015318 (M.D. La. 2015). The plaintiff in *Williams* sought to exclude testimony from the defendant's expert physician on the grounds that the expert did not timely produce certain disclosures required under Rule 26(a)(2)(B). The defendant timely identified its expert and provided a written report and fee schedule. However, a list of the expert's publications within the last ten years and a list of cases in which the expert had testified within the last four years was not initially provided. The defendant argued that its failure to produce the list of publications and list of cases was inadvertent, and that plaintiff would not be prejudiced. *Williams*, 2015 WL 7015318, at *2. In agreeing that the plaintiff would not be prejudiced, the court noted that, by the time it made its decision, the defendant had already supplemented it disclosures to provide the missing information. *Id*. Accordingly, the court denied the plaintiff's motion to exclude the expert. *Id*.

Another case on point is *Trafficware Group, Inc. v. Sun Industries, LLC*, 2016 WL 10516726 (M.D. La. 2016). The plaintiff in that case timely produced a report from its expert, but failed to provide a statement of the expert's qualifications, list of publications within the last 10 years, list of cases in which the expert had testified within the last 4 years, or a statement of fees. Accordingly, the defendant filed a motion in limine seeking to exclude any testimony from the expert at trial. In response, the plaintiff argued that "[t]he absence of [its expert's] CV, compensation, and list of publications and cases in this matter was a simple oversight."

*Trafficware*, 2016 WL 10516726, at *1. It further noted that the expert "inadvertently failed to include his CV with his final report, and counsel simply failed to notice such when the report was transmitted to opposing counsel." *Id*. In denying the motion in limine, the court found that the defendants "were not prejudiced by the Rule 26 disclosure omission." *Id*. The court further noted that "a simple letter or phone call to the Plaintiff's counsel would have alleviated the doubtful, if any, harm owing to what was an apparent oversight." *Id*.

As illustrated by the cases above, the failure to timely produce a fee schedule for Dr. Cenac, which failure has now been remedied, should not result in the drastic measure of precluding defendants only IME physician from testifying at trial.

## Karin Becker and Angela Audler

Plaintiff also seeks to exclude the testimony of Karin Becker because a statement of the compensation to be paid to Becker was not timely provided. As with Dr. Cenac, this was a mere oversight which has now been corrected. On October 21, 2019, defendants produced a copy of Becker's fee schedule/rate sheet to counsel for the plaintiff.[6] Again, this is before the discovery deadline in this case has even passed. As with Dr. Cenac, plaintiff has not offered any explanation of how he has been prejudiced. For the same reasons discussed above, defendants submit that plaintiff simply cannot show any prejudice by the late production of Becker's fee schedule. Furthermore, the joint expert report of Becker and Audler is extremely important to the defendants' case. As plaintiff notes in his motion, these witnesses are being offered as experts in the field of medical auditing to testify as to the reasonable and customary charges for the type of medical treatment plaintiff has undergone. To understand the importance of their testimony, a brief description of plaintiff's treatment and the costs associated with that treatment is necessary. On

---

[6] See correspondence dated October 21, 2019 along with fee schedule/rate sheet, attached hereto as Exhibit C

August 13, 2019, plaintiff underwent a lumbar spinal fusion performed by Dr. Remi Nader in Houston, Texas. Plaintiff is claiming that this single uncomplicated spinal fusion cost in excess of $300,000.00, a number which is simply unheard of. Throughout the course of discovery, it has come to light that plaintiff "financed" the surgery through an agreement with a legal finance company, Key Health Medical Solutions, Inc. ("Key Health"). Key Health is a company which has been discussed in numerous federal court opinions around the country. The company essentially guarantees payments to medical providers on behalf of individuals who are involved in litigation. In actuality they purchase the accounts receivable of medical providers at drastically reduced rates. *Washington v. Key Health Medical Solutions, Inc.*, 2012 WL 13012699 (C.D. Cal. 2012); *Galaviz v. C.R. England Inc.*, 2012 WL 1313301 (W.D. Tx. 2012). They then issue Key Health "estimates of charges" for use in litigation which set forth a stated cost for a procedure, which is in no way representative of what was actually paid to the medical provider(s). In fact, the estimate of charges showing the total cost of plaintiff's lumbar fusion in excess of $300,000.00 came from Key Health, not from plaintiff's medical providers.[7] This is not the actual cost for such a procedure or what is considered reasonable or customary under any standard. It is against this backdrop that the importance of testimony from Becker and Audler becomes apparent.

Because the testimony from Becker and Audler is important, and because plaintiff has not offered any reason why he has been prejudiced by the late-production of Becker's fee schedule, she should not be excluded as an expert on this basis. Becker also should not be excluded for not providing a list of cases in which she has testified in the last four years, because, as discussed above, Becker has not provided any trial or deposition testimony within the last four years.

---

[7] See estimate of charges from Key Health, attached hereto as Exhibit D.

The plaintiff further claims that the testimony of Becker and Audler should be excluded because the report jointly prepared and signed by these experts "has no complete statement of [their] opinions…"[8] He asserts there is "no way of knowing what opinion Ms. Becker holds and how such opinion, if any, differs from that of Ms. Audler."[9] It is unclear why plaintiff would conclude that because a report is jointly signed by two individuals that they hold different opinions. The normal assumption would seem to be that two people who endorse the same report with their signatures hold the same opinions. Indeed, that is the case here. Becker and Audler worked on the report together and have both endorsed the report in its entirety by affixing their respective signatures thereto. Furthermore, defendants acknowledge and agree that only one of these individuals will be allowed to testify so that there is no concern of cumulative testimony. In fact, Becker suggested to defendants that it would be beneficial for them to jointly retain Audler in the event this case went to trial, as Ms. Audler has more experience as a witness and would likely feel more comfortable providing her opinions in a court proceeding. Should this case proceed to trial, defendants therefore intend to call Audler (assuming she is not excluded) to testify as to the opinions expressed in the joint report. Plaintiff's contention that the report does not contain a complete statement of the experts' opinions is without merit. The report starts off by stating that Becker and Audler were retained as medical bill review auditors to review the "billed" charges for a two-level fusion undergone by the plaintiff.[10] They note that, upon reviewing the billed charges, they utilized a combination of standardized methodologies "to determine the reasonable and customary amounts for the medical services" rendered to plaintiff with reference to the Houston Metropolitan Area (the area where his surgery was performed).[11] Employing these methodologies

---

[8] Rec. Doc. 51-1, p.2.
[9] Rec. Doc. 51-1, p.3
[10] See report of Karin Becker and Angela Audler, attached hereto as Exhibit E.
[11] Exhibit E, pg. 1

they then breakdown what is a reasonable value for each component part related to plaintiff's surgery and the services associated therewith. For each discrete component, they specifically note which methodology was used. They also set forth the formula used for each methodology. These formulas are rather complex, underscoring the importance in live testimony to assist lay jurors in understanding them. It is simply incorrect for plaintiff to claim that the report produced by Becker and Audler does not set forth a complete statement of their opinions.

Lastly, defendants wish to address plaintiff's argument that Audler should not be allowed to testify because she was not listed on defendants' initial Witness and Exhibit List. As plaintiff correctly points out, the Court's Scheduling Order set a deadline of September 10, 2019 for plaintiff and defendants to file their respective Witness and Exhibit Lists. As plaintiff also correctly points out, "the parties agreed to a September 24, 2019 deadline for Defendants' experts to be designated."[12] Defendants timely filed their Witness and Exhibit List on September 10, 2019, including listing their expert witnesses. However, at that time, defendants did not yet know that their expert report concerning plaintiff's medical charges would be jointly prepared and signed by Becker and Audler. Accordingly, Audler was not listed on the Witness and Exhibit List filed on September 10, 2019. However, she was listed on the defendants' expert designation list produced by the agreed upon deadline of September 24, 2019.[13] Defendants also produced all expert disclosures of Audler by the same agreed upon date. Furthermore, out of an abundance of caution, defendants filed an Amended Witness and Exhibit List on October 7, 2019, which included Audler as a witness.[14] It is quite surprising to undersigned counsel that plaintiff's counsel would agree to a two-week extension for defendants to provide their expert designations and disclosures and then

---

[12] Rec. Doc. 51-1, p. 6
[13] See Defendants' expert designations list, attached hereto as Exhibit F.
[14] Rec. Doc. 46

file a motion in limine to exclude one of those experts for not being listed on defendants' initial Witness and Exhibit List which was due to be filed before the agreed-upon extension. The fact that plaintiff agreed to an extension of the expert deadline and that Audler's disclosures were produced by the extended deadline should constitute "good cause" for allowing Audler to testify despite not being listed on defendants' initial Witness and Exhibit List.

## CONCLUSION

For the foregoing reasons, defendants should not be precluded from presenting expert evidence and testimony from Dr. Christopher Cenac, Karin Becker and Angela Audler. Accordingly, defendants respectfully request that this Honorable Court deny plaintiff's Motion in Limine.

Respectfully submitted:

*/s/Kyle A. Khoury*
Salvador J. Pusateri (#21036)
Kyle A. Khoury, T.A. (#33216)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
salvador.pusateri@pjgglaw.com
kyle.khoury@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC, GOL, LLC, AND T&T MARINE 2, LLC**