UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JOSEPH DAGGS | CIVIL ACTION NO. 2:19-cv-00071 |
|---|---|
| VERSUS | SECTION M:<br>DISTRICT JUDGE BARRY W. ASHE |
| GULF OFFSHORE LOGISTICS, LLC, ET AL. | DIVISION 2:<br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF**
**MOTION IN LIMINE TO EXCLUDE YOUTUBE VIDEO**

MAY IT PLEASE THE COURT:

Before any proceedings are had in the presence of the jury and prior to the voir dire examination of the jury, defendants, GOL, LLC, REC Marine Logistics, LLC, and T&T Marine 2, LLC (hereinafter sometimes referred to as "defendants"), move to preclude plaintiff, Joseph Daggs, from introducing as a demonstrative exhibit at the trial of this matter a YouTube video entitled "Risky Swing Rope Transfer". Defendants noted their objection to this exhibit in the parties' Pre Trial Order[1], and as will be set forth more fully below, this video is irrelevant, unrelated to the subject of this litigation, and allowing it to be viewed by the jury would be misleading and highly prejudicial to defendants.

On November 30, 2018, plaintiff was working as a deckhand onboard the M/V BRIANA MARIE when he claims to have been injured when he slipped and fell while walking along the vessel's back deck. While plaintiff claims he was on the back deck in order to assist two individuals who were going to be transferring to the BRIANA MARIE from an adjacent platform by a swing

---

[1] Rec. Doc. 65, p. 17.

rope, neither the transfer nor the swing rope is alleged to have played any part in his accident. Rather, plaintiff claims a large wave came over the deck and swept him off his feet, causing him to land on a bundle of angle iron which had been tied down to the deck by a construction crew.

Despite the facts as alleged, plaintiff now seeks to offer a video taken from YouTube that depicts a "Risky Swing Rope Transfer" for the purported purpose of demonstrating for the jury how a swing rope transfer is accomplished.

At the outset, and as noted above, the video is irrelevant because the accident as alleged had nothing to do with the swing rope transfer apart from the fact plaintiff was on the back deck of the BRIANA MARIE because other individuals were about to board the vessel via a swing rope. As a result, no argument can be made that the video will have a tendency to make any facts more or less probable under Rule 401 of the Federal Rules of Evidence.

Moreover, the video is inadmissible because it does not depict "conditions substantially similar to those of the actual accident…[so] as to afford a fair comparison".[2] As courts within this district and the Fifth Circuit have explained, video depictions must be "substantially similar" in order "to avoid the risk of misleading members of the jury who may attach exaggerated significance to the evidence."[3]

Here, there is no evidence connecting any of the material facts involved in the November 30, 2018 incident to the circumstances depicted by the video in question. The video shows a different vessel, a different platform, a different crew, and much different sea conditions.[4]

---

[2] *Gregg v. Weeks Marine, Inc.*, 99-1586, 2000 WL 798493, *1 (E.D. La. Jun. 21, 2000) (citing *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1402 (8th Cir. 1993); *Barnes v. General Motors Corp.*, 547 F.2d 275, 277 (5th Cir. 1977)).
[3] *Id*.
[4] Exhibit "A", Glover Deposition, 147:20—148:21.

Over defendants' objections, the YouTube video was shown the captain of the BRIANA MARIE during his deposition. The captain explained that the conditions in the video did not represent the conditions at the time of the accident—that the vessel in the video was "probably about three times the size" of the BRIANA MARIE and that she was enduring 15-foot swells in comparison to the five to seven foot swells BRIANA MARIE was experiencing.[5]

Under these circumstances, the YouTube video could certainly mislead the jury into thinking plaintiff was working under conditions similar to those depicted in the "Risky Swing Rope Transfer" video, which is simply not the case. As a result, there is a strong potential for unfair prejudice that necessitates the video being excluded from the jury.

In sum, for the reasons set forth above, defendants pray that this Honorable Court grant the instant motion and enter an order prohibiting plaintiff from introducing the YouTube video entitled "Risky Swing Rope Transfer" as a demonstrative exhibit at the trial of this matter.

Respectfully submitted:

*/s/***Salvador J. Pusateri**
Kyle A. Khoury, T.A. (#33216)
Salvador J. Pusateri (#21036)
Meredith W. Blanque (#32346)
*Motion to Enroll Pending*
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
kyle.khoury@pjgglaw.com
salvador.pusateri@pjgglaw.com
meredith.blanque@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC, GOL, LLC, AND T&T MARINE 2, LLC**

---

[5] Exhibit "A", Glover Deposition, 142:21-143:7.