UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH DAGGS | CIVIL ACTION |
| VERSUS | NO. 19-71 |
| GULF OFFSHORE LOGISTICS, LLC, *et al.* | SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion *in limine* filed by plaintiff, Joseph Daggs, regarding the admissibility of defendants' experts.[1] Defendants REC Marine Logistics, LLC, GOL, LLC, and T&T Marine 2, LLC (collectively, "Defendants") oppose the motion.[2] Daggs seeks to exclude the expert reports, any exhibits attached to the expert reports, and oral testimony of Dr. Christopher Cenac, Karin P. Becker, and Angela B. Audler.[3]

Daggs argues that Defendants failed to include a statement of compensation in their expert designations, as required by Federal Rule of Civil Procedure 26(a)(2)(B)(vi), by the deadline set in the Court's scheduling order, for both Cenac and Becker.[4] Daggs adds that Defendants also did not include a list of cases in which Becker has testified during the last four years, as required by Rule 26(a)(2)(B)(v).[5] He asserts that Defendants therefore did not timely serve complete expert disclosures for these experts, and thus, their reports and testimony should be excluded. Defendants respond by acknowledging the omission of these experts' compensation statements, but argue that this was a "mere oversight which has [since] been cured and could not possibly result in any

---

[1] R. Doc. 51.
[2] R. Doc. 58.
[3] R. Doc. 51.
[4] R. Doc. 51-1 at 2-3.
[5] *Id.* at 2.

prejudice to plaintiff."[6]  They explain that defense counsel remedied the deficiency in Cenac's disclosure on October 11, 2019, immediately following their receipt of the motion *in limine*, and counsel produced a copy of Becker's fee/rate schedule on October 21, 2019.[7]  As for Becker's list of cases, Defendants explain that Becker has not testified at trial or by deposition within the last four years.[8]  Defendants also point out that Daggs's motion *in limine* is itself untimely, as it was filed on October 10, 2019, while the scheduling order required that motions *in limine* regarding the admissibility of expert testimony be filed and served "in sufficient time <u>to permit hearing thereon no later than October 10, 2019</u>."[9]  Accordingly, to be timely under Local Rule 7.2, the motion should have been filed by September 25, 2019.

      The Court does not condone the "gotcha" nature of Daggs's motion.  There is no indication that plaintiff's counsel ever followed up with defense counsel to ask that these deficiencies be cured before filing this motion.  While the better practice is for a party to provide complete expert disclosures within the court-imposed deadlines, it is also the better practice for counsel to ask opposing counsel for any missing items before filing a motion to exclude an expert on easily remedied technical deficiencies.  This admonition against stone-throwing is especially apt here since Daggs seems to occupy a glass house when it comes to compliance with deadlines.  As Defendants note, Daggs's motion does not abide by the scheduling order's deadline and so is late.  Nevertheless, the Court will consider the motion on its merits, but in doing so, will extend the same liberal treatment to Defendants' alleged deficiencies and consider only merits-based objections to their experts.

---

[6] R. Doc. 58 at 1-2.
[7] *Id.* at 6, 9.
[8] *Id.* at 2.
[9] *Id.* at 3 (emphasis in original).

The Court observes that Daggs has suffered no prejudice as to Cenac because Defendants provided his fee/rate schedule on October 11, 2019, at the earliest notice from Daggs (via this motion) that Defendants' expert disclosures for Cenac were deficient in this respect. The same goes for Becker, except that the compensation statement was provided a mere 10 days later, on October 21, 2019, with no prejudice to Daggs. The omission of Becker's testimony list is naturally due to her not having testified in the last four years. A simple inquiry would have revealed as much.

Daggs also argues that the expert report and testimony of Becker and Audler should be excluded because their expert disclosures were deficient in failing to provide a clear statement of their opinions, pursuant to Rule 26(a)(2)(B)(i), because their co-signed letter does not allow Daggs to understand how their opinions differ.[10] Daggs adds that the Court should not allow both Becker and Audler to testify, explaining that, having signed the same letter, their testimony would be cumulative. Defendants respond that Becker and Audler co-signed the letter and endorsed the same report because they hold the same opinions.[11] Defendants acknowledge and agree that only one of these experts should be allowed to testify, and that therefore, they intend to call only Audler, because she is the more experienced expert witness.[12]

While the expert report is hardly fulsome in setting out Becker and Audler's opinions, it is not objectionable on the basis urged by Daggs – namely, that the co-signed letter does not allow Daggs to understand how the two experts' opinions differ. The report does not explain how their opinions differ because their opinions do not differ. However, for this very reason, the Court

---

[10] R. Doc. 51-1 at 3.
[11] R. Doc. 58 at 11.
[12] *Id.*

3

agrees with both parties that Becker and Audler's testimony would be cumulative, and therefore holds that only one of these two experts may testify.[13]

Accordingly, for the foregoing reasons,

IT IS ORDERED that plaintiff's motion *in limine* regarding the admissibility of defendant's experts (R. Doc. 51) is GRANTED to the extent that only one of the two experts Becker and Audler may testify and DENIED in all other respects.

New Orleans, Louisiana, this 2nd day of December, 2019.

                                              BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE

---

[13] Defendants are free to choose which one.