UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH DAGGS** | **CIVIL ACTION NO. 2:19-cv-00071** |
| **VERSUS** | **DISTRICT JUDGE:<br>BARRY W. ASHE** |
| **GULF OFFSHORE LOGISTICS, LLC, ET AL.** | **MAGISTRATE JUDGE:<br>DONNA PHILLIPS CURRAULT** |

### MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT JOINT PRE-TRIAL ORDER

MAY IT PLEASE THE COURT:

Defendants, GOL, LLC, REC Marine Logistics, LLC and T&T Marine 2, LLC, (hereinafter sometimes collectively referred to as "defendants"), respectfully request leave of court to supplement the Joint Pre-Trial Order entered in this case (Rec. Doc. 65). More particularly, defendants seek to add several posts and comments made on a Facebook page belonging to the plaintiff as trial exhibits. The posts and comments were made after the Joint Pre-Trial Order was filed in this case. Accordingly, defendants submit there is sufficient justification for allowing amendment of the Joint Pre-Trial Order.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Joseph Daggs, and defendants filed their Joint Pre-Trial Order on November 13, 2019 (Rec. Doc. 65). On November 19, 2019, the parties attended a private mediation. Defendants have discovered that the following day, plaintiff made various posts and comments on a Facebook page he apparently maintains under the alias or nickname of "Chubb Daggs." First, plaintiff posted a "check-in" at his attorney's office in Beaumont, Texas with the comment "Can't wait to wine

down!!!!! Been in business mode all week!!!!"[1] Later on the same day, Daggs posted a live video to his account, wherein he is apparently driving in traffic on his way to Houston, Texas while listening to music. Within the comments to the video an individual named Justin Williams whom plaintiff is "friends" with wrote "U the ugliest **** Ik [I know]."[2] Daggs responds "Lol wit a lot of money," followed by an emoji of cash and bags of money.[3] Justin Williams subsequently commented "U got overseas money 2," to which plaintiff replied "Overseas money with Columbia products."[4] Plaintiff then went on to state "Justin Williams fall back off my live [video] before Santa clause [sic] pass by u."[5] Following the above-referenced comments, an individual named Cheryl Daggs who appears to be plaintiff's sister commented "Problem bro?" The plaintiff replied "Cheryl Daggs I don't have none of them. Only problems is trying to figure out how will I bless you, momma, my brother, nieces and nephews, and my kids. Everything is irrelevant."[6]

Each of the above-referenced comments were made within 24 hours after the parties participated in mediation in an effort to settle the case, and approximately 2 weeks before the case was originally set for trial.

**II.   LAW AND ARGUMENT**

    **A.  Governing Legal Standard**

Trial courts are vested with "broad discretion to preserve the integrity and purpose of [a] pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790-91 (5th Cir. 1990). The U.S. Court of Appeals for the Fifth Circuit has stated that it will "exercise minimal interference with trial court discretion in matters such as the modification of its orders." *Hodges v. United States*, 597 F.2d

---

[1] See check-in posted to Facebook on November 20, 2019, attached hereto as Exhibit A.
[2] See Facebook live video post and comments thereto on November 20, 2019, attached hereto as Exhibit B. (Counsel has used asterisks to take the place of the expletive used in the comment by Justin Williams)
[3] Exhibit B
[4] Exhibit B
[5] Exhibit B
[6] Exhibit B

1014, 1017-18 (5th Cir. 1979). "Thus, unless [a] trial court's ruling in the enforcement of a pretrial order [is] a clear abuse of discretion that would deem the action arbitrary, the ruling will not be disturbed on appeal." *Martin v. Lee*, 378 Fed. Appx. 393, 395 (5th Cir. 2010) (citing *Geiserman* 893 F.2d at 790).

Federal Rule of Civil Procedure 16(e) provides that a court may modify a final pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). "However, in the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972) (citing *Central Distributors, Inc. v. M.E.T., Inc.*, 403 F.2d 943, 946 (5th Cir. 1968). Factors considered by the Fifth Circuit in determining whether a trial court properly exercised its broad discretion under Fed. R. Civ. P. 16 include: (1) the moving party's explanation for failure to previously identify the evidence; (2) the importance of the testimony or evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure any such prejudice. *Geiserman* 893 F.2d at 791.

### B. The Court Should Allow Amendment of the Joint Pretrial Order

Regarding the factors set forth by the Fifth Circuit, defendants note that the reason they did not list the above-referenced evidence from Facebook as an exhibit in the Joint Pre-Trial Order or prior to that time is because such evidence did not exist until after the Joint Pre-Trial Order was submitted. This is not a situation where defendants failed to timely discover the evidence. Rather, the evidence simply did not exist at the time the Joint Pre-Trial Order was filed. As noted above, the Joint Pre-Trial Order was filed on November 13, 2019, and the plaintiff's posts/comments were made on November 20, 2019. This factor therefore supports defendants position. See *McCoy v.*

*Housing Authority of New Orleans*, 2016 WL 9412704 (E.D. La. 2016) (allowing a party to amend pre-trial order to include additional exhibits where the party did not receive exhibits until after the original proposed pre-trial order was due).

The second factor—the importance of the evidence—also supports defendants. The comments made by plaintiff on Facebook pertain to plaintiff's credibility. Plaintiff testified during his deposition that he had no source of income, relies on loans from a legal finance company named Golden Trak, and receives Medicaid (means-based healthcare for individuals with limited income and resources).[7] This is certainly inconsistent with Daggs' comments that he has "a lot of money" and has "overseas money with Columbia products."[8] Plaintiff's comments also call into question his motivations for this lawsuit. The timing and content of the comments strongly imply that should Daggs receive an award, either through settlement or trial of this matter, he intends to give away money to friends and family. If this implication is accurate, such could reasonably lead a jury to question whether the damages plaintiff seeks to recover are attributable to bonafide losses sustained in the alleged accident. Damages are meant to compensate an injured person, not to enrich their family and friends. Further regarding the issue of plaintiff's motivation, defendants point out plaintiff's comment that in the week leading up to private mediation and a pre-trial conference he had been in "business mode."[9]

The third and fourth factors can be addressed together. Defendants submit that plaintiff will not be prejudiced by allowing the Facebook comments and posts to be used as an exhibit at trial. These are not new documents of which plaintiff was previously unaware. Rather, they are his own statements that he has had exclusive possession of since the time he created them. See *Pope*

---

[7] See deposition of plaintiff, pgs. 20-23, attached hereto as Exhibit C
[8] Exhibit B
[9] Exhibit A

4

*v. Savings Bank of Puget Sound*, 850 F.2d 1345, 1357 (9th Cir. 1988) (finding trial court did not abuse its discretion in allowing amendment of a pre-trial order to include newly-discovered evidence where evidence concerned prior testimony of non-offering party, and that party would have opportunity to explain testimony at trial). Trial of the instant case is over two months away. This is more than enough time for plaintiff to review the minimal content of two Facebook posts and be prepared to answer questions concerning their meaning at trial. In sum, plaintiff will not be prejudice by allowing the referenced documents to be used as an exhibit at trial. Accordingly, under the fourth factor there is no need for a continuance to cure any such prejudice.

### III.     CONCLUSION

Defendants are merely seeking to add two exhibits to the Joint Pre-Trial Order filed in this case on November 13, 2019. The exhibits are Facebook posts/comments made by plaintiff under an alias on November 20, 2019, 6 days after the Joint Pre-Trial Order was filed. As discussed above, plaintiff will not suffer any prejudice by admission of the exhibits, as they are his own statements which he has been in possession of since they were made. For all of the foregoing reasons, defendants respectfully request that this Honorable Court grant the instant motion for leave.

Respectfully submitted:

*/s/   Kyle A. Khoury*
Kyle A. Khoury, T.A. (#33216)
Salvador J. Pusateri (#21036)
Meredith W. Blanque (#32346)
**PUSATERI, JOHNSTON, GUILLOT &**
 **GREENBAUM**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510

kyle.khoury@pjgglaw.com
salvador.pusateri@pjgglaw.com
meredith.blanque@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC, GOL, LLC, AND T&T MARINE 2, LLC**