UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH DAGGS** | § | CIVIL ACTION NO. 2:19-cv-00071 |
| | § | |
|     **Plaintiff,** | § | DISTRICT JUDGE: |
| VS. | § | BARRY W. ASHE |
| | § | |
| **GULF OFFSHORE LOGISTICS, LLC** | § | MAGISTRATE JUDGE: |
| | § | JOSEPH C. WILKSINSON, JR. |
|     **Defendant** | § | |
| | § | SECTION: M (2) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO SUPPLEMENT JOINT PRE-TRIAL ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Joseph Daggs (hereinafter referred to as "Plaintiff") through undersigned counsel and serves his Memorandum in Opposition to Defendants GOL, LLC, REC Marine Logistics, LLC, and T & T Marine 2, LLC's (hereinafter referred to as "Defendants") Motion for Leave to Supplement Joint Pre-Trial Order and in support thereof would respectfully show the Court as follows:

**Arguments and Authorities**

**A. Even the Standard that Defendants Themselves Say the Court Should Follow to Decide Whether to Allow Amendment of the Joint Pre-Trial Order Has Not Been Met**

Defendants assert that the standard by which this Court should determine whether to grant their Motion for Leave is the standard laid out by the Fifth Circuit in *Geiserman v. MacDonald*, 893 F.2d 787, 790-91 (5th Cir. 1990). The *Geiserman* court said that a court may exercise its discretion to modify its pre-trial order pursuant to FRCP 16(e), which only allows the Court to modify its pre-trial deadlines "to prevent manifest injustice," based on: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman*

893 F.2d 791.  Based on these four criteria that Defendants themselves are using, the Court should not grant Defendant's Motion for Leave.

As Defendants admit in their motion, the Facebook posts that they found were posted nearly *fifteen months ago*.  In addition, the posts are not set to private; they are public.  They are hidden in plain sight.  Anyone in the world with Internet access can find them.   As such, it would have been very easy for Defendants to find them before now.  Defendants provided no explanation whatsoever for why they waited nearly fifteen months until the eve of trial and just days before the pre-trial conference to ask the Court to add these public posts to their pre-trial document.  The first *Geiserman* factor has not been met.

The second factor is likewise not met.  These Facebook posts, which are by no means "testimony" as was at issue in *Geiserman*, have *no* importance because they have no relevance to either party's claims or defenses. Evidence must be relevant in order to be admissible. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence.[1]  These screenshots of comments posted to Facebook do not come close to meeting the relevancy standard in this case.

Defendants are attempting to present to the jury out-of-context comments made about drinking wine and separate comments made in response to a video on Facebook of someone live streaming the front window of a car as it moves through traffic at night.  Apparently, Defendants are trying to somehow suggest that the aforementioned comments are important evidence to the case.  They are not.  For context for the Court, the entire nearly 10-minute Facebook live video, which includes the comments that were made when the video was live streamed, is attached as Exhibit A.  Two of the comments referenced by Defendants that "Chubb Daggs" posts in response

---

[1] Fed. R. Civ. P. 401

to the video, ("lol wit a lot of money" and "[o]versears money with Columbia products") are both responded to by another poster, Justin Williams, with string of laughing emojis, suggesting that Mr. Williams, unlike Defendants, did not take those comments seriously.

Furthermore, the comment "Chubb" makes to Cheryl Daggs is completely without context. "Chubb" makes no reference to mediation, trial, settlement, litigation, or anything related to the present suit. Moreover, the statement that "Chubb" is "trying to figure out how will [he] bless" members of his family means that he had not figured out how to do so at the time of posting. If he knew that he was going to use the money that he thought he would receive from this case to bless them, he would not say he was "figuring out" how to do so. It certainly contradicts the narrative that Defendants are attempting to paint with these Facebook screenshots of some plot by "Chubb" to get rich off of money he might theoretically receive as a result of a settlement or jury verdict and then give that money to his family.

To the extent that Defendants are attempting to use these Facebook posts as somehow being evidence that Plaintiff planned to get "rich" from this case, it should be noted that the comment by "Chubb Daggs," posted with the location set to The Ferguson Law Firm, that he "[c]an't wait wine down," as well as the comments to the live-streamed rap music were all posted the day *after* a *failed* mediation, which obviously did not result in Plaintiff receiving any money. Not only did Plaintiff leave the mediation empty-handed, he left with bleak prospects that this case could settle at all based on the fraction of the case value that Defendants offered at mediation. Defendants' last settlement offer when the mediation reached an impasse was just a fraction of Plaintiff's medical expenses alone, which does not even take into account the value of Plaintiff's loss of past and future earning capacity and other damages.

Consequently, the idea that Plaintiff was thinking he was going to get wealthy and spread the wealth around his family *the day after* he had attended a mediation that was spectacularly unsuccessful due to Defendants' insultingly insignificant settlement offer on the table at the time the mediation ended is beyond absurd.  Yet Defendants are attempting to use these Facebook screenshots to plant into the heads of future jurors the outlandish notion that immediately following a failed attempt at settlement, Plaintiff somehow thought nonetheless that he was going to get rich from a settlement of the case and that we would then distribute that money to his family.

Finally, even if the Court were to take this baseless conspiracy concocted by Defendants as true that Plaintiff intended to give any funds that he may be awarded from this case to his family, such an act has no relevance whatsoever to any of Plaintiff's claims or Defendants' defenses.  It does not meet the relevancy test for admission of evidence.  Therefore, none of these Facebook posts have any importance to the case and should not be added to Defendants' list of evidence in the Joint Pre-Trial Order.

The third *Geiserman* factor is likewise not satisfied given the facts at hand.  Allowing these context-free, irrelevant Facebook posts to be included in Defendants' pre-trial filings would prejudice Plaintiff tremendously.  Evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[2]  The presentation to the jury of out-of-context comments to a Facebook live video would be unfairly prejudicial to Plaintiff because the comments have no probative value in this case.  Since they have no probative value to either party's claims or defenses, they would be nothing more than an irrelevant distraction to the jury and confuse the issues with them.

---

[2] Fed. R. Civ. P. 403.

Further, allowing Defendants to attribute the Facebook posts of "Chubb Daggs" and other Facebook users to Plaintiff Joseph Daggs given that contain the n-word, spelling errors, and grammar errors would likely cause the jury to form harmful racial stereotypes to Plaintiff and stereotypes about Plaintiff's intelligence. As such, the inclusion of these posts with no context would prejudice Plaintiff from the moment they are introduced to the jury. Defendants should not be permitted to add such prejudicial evidence to the Joint Pre-Trial Order at this late date.

Finally, as it relates to the fourth *Geiserman* factor, a continuance would not cure the aforementioned prejudice because the prejudice is substantive, not merely procedural. While it is true that Defendants' late timing in attempting to include this evidence prejudices Plaintiff's ability to provide the proper context to these statements, the prejudice is also inherent in the posts themselves for reasons explained above. In addition, since the trial date is being continued per the Court's emergency order, it would not be in the interest of justice for the Court to extend the scheduling order deadline as it relates to the Joint Pre-Trial Order without extending all deadlines, including the discovery deadline.

Consequently, by Defendants' own standards, the bar has not been met for inclusion of these Facebook posts into the Joint Pre-Trial Order. The Court should therefore deny Defendants' motion.

**B. The Facebook Comments that Defendants Are Attempting to Add to the Pre-Trial Order Should Be Excluded Because They Contain Inadmissible Hearsay and Lack Authentication**

In addition to the evidentiary problems that Defendants' screenshots of various Facebook posts present with regard to relevance and unfair prejudice, they also contain numerous hearsay statements, including those of Justin Williams and Cheryl Daggs. Defendants have identified no exception to the hearsay rule that would permit those comments to be admitted to the jury.

5

Moreover, Defendants have presented no evidence to the Court authenticating these "Chubb Daggs" Facebook posts. In fact, Defendants assert in their Motion for Leave that Plaintiff Joseph Daggs "apparently maintains [a Facebook page] under the alias or nickname of 'Chubb Daggs.'"[3] Of course, simply saying "apparently" is not a proper way to authenticate evidence. Defendants' lack of evidentiary foundation on multiple fronts in presenting these screenshots should preclude them from being added to the Joint Pre-Trial Order and presented from evidence at trial.

### Conclusion and Prayer

Defendants have failed to give the Court any compelling reasons as to why the Court should grant Defendants leave to Supplement the Joint Pre-Trial Order. The standards that Defendants themselves believe the Court should follow in deciding whether to grant leave to supplement these Facebook screenshots have not been met. Additionally, Defendants lack the evidentiary predicate for including these screenshots as evidence in this case. As such, Plaintiff prays that the Court deny Defendants' Motion for Leave to Supplement Pre-trial Order.

**Respectfully submitted,**

The Law Office of Ronald C. Hammock, APLC

_____
Mr. Ronald C. Hammock
Louisiana Bar Roll No. 06480
321 N Vermont Street, Suite 106
Covington LA, 70433
Phone: (985) 302-9553
Email: RonHammock@RCHammocklawfirm.com

**ATTORNEY FOR PLAINTIFF JOSEPH DAGGS**

---

[3] Rec. Doc. 91-1, p. 1

Kolodny Law Firm, PLLC

_____
Mr. Alan Kolodny
State Bar of Texas: 24056882
Mr. Rashon Murrill
State Bar of Texas: 24110622
1011 Augusta Dr., Suite 111
Houston, TX 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: akolodny@fko-law.com
Email: rmurrill@fko-law.com

**ATTORNEYS *PRO HAC VICE* FOR PLAINTIFF JOSEPH DAGGS**

The Ferguson Law Firm, LLP

By: */s/ Paul 'Chip' Ferguson, Jr.*
Mr. Paul 'Chip' Ferguson, Jr.
State Bar No. 06919200
Mr. Tim M. Ferguson
State Bar No. 24099479
The Ferguson Law Firm, LLP
350 Pine Street, Suite 1440
Beaumont, Texas 77701
409-832-9700 (telephone)
409-832-9708 (facsimile)
cferguson@thefergusonlawfirm.com
tferguson@thefergusonlawfirm.com

**ATTORNEYS *PRO HAC VICE* FOR PLAINTIFF JOSEPH DAGGS**

## **CERTIFICATE OF SERVICE**

I do hereby certify that according to Federal Rules of Civil Procedure, the following has been served on each below outlined counsel of record on February 3, 2021.

_____
Rashon Murrill

**Via Electronic Service and Mail Delivery**
Mr. Kyle A. Khoury, T.A.
Louisiana Bar Roll No. 33216
Mr. Salvador J. Pusateri
Louisiana Bar Roll No. 21036
Pusateri, Johnson, Guillot & Greenbaum, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Phone: (504) 620-2500
Email: Kyle.Khoury@pjgglaw.com
Email: Salvador.Pusateri@pjgglaw.com

**ATTORNEYS FOR DEFENDANTS
GOL, LLC, REC MARINE LOGISTICS,
LLC, & T & T MARINE 2, LLC**