**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **JOSEPH DAGGS** | § | **CIVIL ACTION NO. 2:19-cv-00071** |
| | § | |
| **Plaintiff,** | § | **DISTRICT JUDGE:** |
| **VS.** | § | **BARRY W. ASHE** |
| | § | |
| **GULF OFFSHORE LOGISTICS, LLC** | § | **MAGISTRATE JUDGE:** |
| | § | **JOSEPH C. WILKSINSON, JR.** |
| **Defendant** | § | |
| | § | **SECTION: M (2)** |

<u>**JOINT PRETRIAL ORDER**</u>

1. <u>**Pretrial Conference Date**</u>

   A pretrial conference in this matter will be held on September 10, 2021 at 10:30am.

2. <u>**Appearances**</u>

   Paul "Chip" Ferguson, Jr.
   The Ferguson Law Firm, LLP
   350 Pine Street, Suite 1440
   Beaumont, Texas 77701
   Telephone: 409-832-9700
   Facsimile: 409-832-9708
   Email: cferguson@thefergusonlawfirm.com

   Alan Kolodny
   Kolodny Law Firm, PLLC
   1011 Augusta Dr., Suite 111
   Houston, TX 77057
   Telephone: (713) 532-4474
   Facsimile: (713) 785-0597
   Email: akolodny@fko-law.com

   **ATTORNEYS *PRO HAC VICE* FOR
   PLAINTIFF JOSEPH DAGGS**

   Kyle A. Khoury, T.A.
   Salvador J. Pusateri
   Pusateri, Johnson, Guillot & Greenbaum, LLC
   1100 Poydras Street, Suite 2250
   New Orleans, LA 70163

Phone: (504) 620-2500
Email: Kyle.Khoury@pjgglaw.com
Email: Salvador.Pusateri@pjgglaw.com

**ATTORNEYS FOR DEFENDANTS
GOL, LLC, REC MARINE LOGISTICS,
LLC, & T & T MARINE 2, LLC**

3. **Description of Parties**

Plaintiff, JOSEPH DAGGS, is an adult male who resides in Louisiana and was employed as a deckhand at the time of the incident made the basis of this suit. He has brought negligence and unseaworthiness claims against Defendants related to an injury that he allegedly sustained as a Jones Act seaman aboard the *M/V Briana Marie*.

Defendants GOL, LLC and REC MARINE LOGISTICS, LLC are limited liability companies. Plaintiff contends that Defendant GOL, LLC and/or REC MARINE LOGISTICS, LLC was the employer of Plaintiff and the operator of the *M/V Briana Marie* vessel at the time of the incident made the basis of this suit, while Defendants maintain that only REC MARINE LOGISTICS, LLC was Plaintiff's employer and operator of the vessel at that time. Plaintiff makes claims of both negligence and unseaworthiness against GOL, LLC and REC MARINE LOGISTICS, LLC.

Defendant T & T MARINE 2, LLC is a limited liability company. It is the title owner of the *M/V Briana Marie* vessel on which Plaintiff was allegedly injured. Plaintiff makes the claim of unseaworthiness against T & T MARINE 2, LLC.

4. **Statement of Jurisdiction**

It is uncontested that the Court has subject-matter jurisdiction over the Jones Act claims in this suit pursuant to the Jones Act 46 U.S.C. App. § 30104 and the Seaman's Act 28 U.S.C. § 1916. Article III Section 2 of the United States Constitution and 28 U.S.C. §1333 also

serve as a basis for jurisdiction.

5. **Pending or Contemplated Motions**

Plaintiff contemplates filing a Motion for Reconsideration of certain evidentiary rulings that the Court has made to date. Defendants will be filing a Motion to Continue in light of Hurricane Ida.

6. **Brief Summary of Material Facts**

a. Plaintiff's Summary –
Joseph Daggs is a Louisiana resident who was employed as a deckhand for GOL, LLC and/or REC MARINE LOGISTICS, LLC, both of which are Louisiana companies. On November 30, 2018, Mr. Daggs was working as a deckhand on the *M/V Briana Marie* supply vessel.


Figure 1 The M/V Briana Marie

The vessel was in seven-foot seas at 2:00 in the morning. While the vessel was in such dangerous conditions, Mr. Daggs was told by the ship's captain, Mitchell Glover, to assist with the boarding of two individuals transiting from the lower level of an oil and gas platform by swinging off the platform on a swing rope. Mr. Daggs was assigned to catch the two individuals during their swing from the platform to the aft deck of the *M/V Briana Marie*.

While Mr. Daggs was traversing the aft deck of the vessel in those heavy seas at the direction of Captain Glover, a giant wave crashed onto the deck of the boat. Mr. Daggs, as a result, slipped and fell. He landed on construction materials that had been left aboard the stern deck of the *M/V Briana Marie*. At least one other individual, Clayton Duncan, witnessed the incident and made a written incident report of the incident.


Figure 2 The construction materials left on the deck of the vessel at the time of the incident.

Mr. Daggs' fall onto the construction materials left him with a sharp pain shooting down his back and numbness in his legs that developed over the course of the remainder of his shift that day. On December 19, 2018, Mr. Daggs visited Dr. Remi Nader at the Texas Center for Neurosciences, who referred him for a neck and back MRI at Memorial MRI & Diagnostic. Those MRIs revealed several cervical spine and lumbar spine disc herniations in stark contrast to the GOL-sponsored MRI examination. Per Dr. Nader's recommendation, Mr. Daggs underwent back surgery due to the severity of his injuries. Dr. Nader subsequently recommended that Mr. Daggs undergo neck surgery. Mr. Daggs' vocational rehabilitation expert, Jeff Peterson, has opined that Mr. Daggs will not be able to return to work on a full-time, consistent, dependable basis for the foreseeable future, and he is therefore totally, vocationally, and indefinitely disabled. In addition, Dr.

Stephen Caples, Mr. Daggs' economist, has determined that Mr. Daggs has a total loss of earning capacity of between $765,000.00 to $2,073,440.00.

b. Defendants' Summary –

On November 30, 2018, Joseph Daggs was employed by REC Marine Logistics, LLC as a deckhand onboard the M/V BRIANA MARIE. The BRIANA MARIE is a vessel which is operated and manned by REC Marine and its employees. At all pertinent times, the vessel was under charter to Cox Operating, LLC to service various platforms in the Gulf of Mexico. Defendant GOL, LLC is an entity which is related to REC Marine, but merely served as the entity which entered into the charter agreement with Cox Operating for the charter of the vessel. GOL, LLC has no potential liability in this matter. T&T Marine 2, LLC, the owner of the BRIANA MARIE, also has no potential liability in this matter. T&T Marine 2 was only the title owner of the vessel. It had no employees working on the vessel, and was not responsible for manning, operating or supplying the vessel.

At the time of plaintiff's alleged accident, he had been employed by REC Marine for less than three weeks, and working on the M/V BRIANA MARIE for approximately 3 days. Daggs claims that on November 30, 2018 he sustained injury during a slip and fall on the back deck of the vessel. More particularly, he claims he was walking along the starboard side of the vessel's back deck to assist two individuals who were going to be transferring to the BRIANA MARIE from an adjacent platform by swing rope. While proceeding towards the jump deck at the stern of the BRIANA MARIE, Daggs claims a large wave came over the deck of the vessel and swept him off his feet, causing him to land on a bundle of angle iron which had been tied down to the deck by a construction crew. Mitchell Glover, the Captain of the BRIANA MARIE, disputes plaintiff's version of

events. Glover testified that he was watching plaintiff the entire time and that there was no wave that came over the back deck. Furthermore, while he acknowledged that plaintiff slipped onto his buttocks, Glover claims that plaintiff fell nowhere near the angle iron on the deck. Glover further denies that plaintiff hit his head in any way during the fall. According to Glover, plaintiff slipped directly onto his buttocks but immediately got back onto his feet. Glover called Daggs over the radio and asked if he was alright. Plaintiff responded affirmatively, and proceeded with his assigned task of assisting the platform crew members in transferring to the BRIANA MARIE by swing rope.

Plaintiff's primary argument in this case is that the seas were too rough to be conducting operations at the time of his accident. At his deposition Daggs asserted that seas were in the range of 8 to 10 feet. He also claims he spoke with Captain Glover about whether the conditions were too rough to conduct work operations. Glover flatly denies that plaintiff expressed any concern to him. Plaintiff's assertion regarding the sea conditions has no support in the record evidence. Captain Glover estimated that seas were in the range of 5 to 7 feet at the time of the incident. This is supported by the REC Marine incident report. In fact, the objective evidence shows that the seas were even less than estimated by Captain Glover. Defendants have hired a forensic weather expert who conducted an extensive analysis and determined that the sea conditions at the time and location of plaintiff's accident were between 4 and 5 feet. This is also consistent with the incident report prepared by Cox Operating, which lists seas between 4 and 5 feet.

Regardless of whether the seas were 4 to 5 feet or 5 to 7 feet, applicable case law illustrates that such conditions are safe for conducting vessel operations. In fact, seas higher than this have been considered safe. In *Hebron v. Union Oil Co. of Cal.*, 634 F.2d 245 (5th

Cir. 1981), the U.S. Court of Appeals for the Fifth Circuit upheld a directed verdict for a platform owner and a vessel owner, holding that seas of 6 to 8 feet "are considered moderately rough, but not necessarily dangerous for loading and unloading equipment." The Fifth Circuit has relied upon the *Hebron* decision in subsequent cases, noting that, while seas of 6 to 8 feet are "admittedly rough," such conditions are not necessarily dangerous for loading and unloading operations. In *Tarlton v. Exxon*, 688 F.2d 973 (5th Cir. 1982), the court noted that vessel loading operations in seas of 6 to 8 feet "is not at all unusual at the myriad offshore platforms in the Gulf." See also *Parker v. Southwestern Offshore Corp.*, 763 So.2d 638 (La. App. 2 Cir. 1999)(finding seas "averaging 6 feet with long wave lengths or swells" did not constitute unreasonably dangerous conditions).

Based on the evidence to be produced at trial, plaintiff will be unable to prove any negligence on the part of defendants or any unseaworthiness of the M/V BRIANA MARIE.

Plaintiff is claiming injury to his neck and low back. With respect to the alleged neck injury, there is simply no evidence that plaintiff sustained such an injury on the date of his accident. There is no mention of a neck injury either in the REC Marine accident report or in plaintiff's own handwritten statement. Plaintiff also did not report any neck pain to the initial physician with whom he treated on the date of the accident. Furthermore, plaintiff gave a recorded statement to an adjuster for REC Marine wherein he denied any injury other than to his low back. Moreover, plaintiff's own girlfriend and mother testified at their recent depositions that they have very close relationships with Mr. Daggs and that neither were aware of any complaints made by him for a neck injury. Plaintiff also has an extensive prior treatment history for neck and low back injuries, further complicating any ability to establish medical causation. More particularly, he has treated for neck and/or

back pain in 2002, 2003, 2014 and 2015. Prior to beginning work for REC Marine, and indeed throughout the course of this litigation, plaintiff has attempted to conceal his prior history of neck and low back injuries. Defendants also point out that on the very day of plaintiff's alleged accident he underwent a lumbar MRI which showed no significant findings with respect to the lumbar spine.

**7.** **Uncontested Issues of Material Fact**

1. At the time of the alleged incident made the basis of this suit, Plaintiff was a Jones Act seaman.

2. At the time of the alleged incident made the basis of this suit, Plaintiff was employed as a deckhand aboard the *M/V Briana Marie*.

3. At the time of the alleged incident made the basis of this suit, T & T Marine 2, LLC was the title owner of the *M/V Briana Marie*.

4. The Court has jurisdiction over all parties to this suit.

**8.** **Contested Issues of Material Fact**

1. The sea conditions on the date of plaintiff's alleged accident.

2. Whether the M/V BRIANA MARIE was reasonably fit for its intended purpose.

3. Whether the sea conditions were such that it was reasonable for a deckhand to be walking on the back deck of the M/V BRIANA MARIE.

4. The cause of plaintiff's alleged fall on the M/V BRIANA MARIE.

5. The manner in which plaintiff allegedly fell.

6. Whether plaintiff landed on angle iron when he fell as alleged in his Complaint.

7. Whether plaintiff ever expressed concern to Captain Mitchell Glover about the sea conditions on the date of the alleged incident.

8.    Whether any angle iron or materials on the deck of the M/V BRIANA MARIE were in an appropriate location.

9.    Whether Captain Mitchell Glover was operating the M/V BRIANA MARIE in a safe manner at the time of plaintiff's alleged accident.

10.    Whether defendants had any privity or knowledge of any alleged unseaworthiness or negligence on the part of the M/V BRIANA MARIE or its crew.

11.    Whether plaintiff sustained any injury to his low back on November 30, 2018.

12.    Whether plaintiff sustained any injury to his neck on November 30, 2018.

13.    Whether any injury to plaintiff's lower back and subsequent medical treatment was caused by his alleged fall on the M/V BRIANA MARIE, or rather was the result of a pre-existing injury or condition of his lower back.

14.    Whether any injury to plaintiff's neck and subsequent medical treatment was caused by his alleged fall on the M/V BRIANA MARIE, or rather was the result of a pre-existing injury or condition of his neck.

15.    Whether plaintiff was negligent in failing to disclose his prior low back and neck injuries to REC Marine.

16.    The nature of any injury to plaintiff's low back.

17.    The nature of any injury to plaintiff's neck.

18.    Whether plaintiff did anything improper to cause his alleged fall.

19.    To the extent plaintiff is found to have sustained injury as a result of his alleged fall, the appropriate course of medical treatment to address such injury.

20.    Plaintiff's medical prognosis.

21.    Whether plaintiff is able to return to gainful employment and, if so, in what

capacity.

22.     The extent of any economic loss sustained by plaintiff.

23.     The extent of any past and future medical expenses.

24.     Whether the amounts claimed by plaintiff for medical expenses are reasonable.

25.     The amounts paid by Key Health Medical Solutions, Inc. for plaintiff's medical treatment.

26.     The extent of any general and special damages.

27.     The fair market value of the M/V BRIANA MARIE

**9.  Contested Issues of Law**

1.      Which of the defendants (if any) are legally responsible for any alleged negligence or unseaworthiness of the M/V BRIANA MARIE or its crew.

2.      Whether any of the defendants were negligent.

3.      Whether the M/V BRIANA MARIE was unseaworthy.

4.      All issues of proximate and/or legal causation implicit in the aforementioned contested issues of fact.

5.      All other issues of law implicit in the aforementioned contested issues of fact.

6.      Whether Defendants are entitled to limit any liability they may incur to the fair market value of the M/V BRIANA MARIE in accordance with the Limitation of Vessel Owners' Liability Act.

**10. Exhibit List**

  **A.  Exhibits to Which the Parties Do Not Object**

    **i)  Plaintiff's Exhibits**

1. Gulf Offshore Logistics, LLC's (GOL) responses to requests for admissions propounded by Plaintiff, Joseph Daggs, dated the 29th of March 2019, specifically response number 11

2. Personal Incident/Illness Report, dated the 30th of November 2018, Joseph Daggs, GOL 0001

3. Photos of *MV Briana Marie*, stack of construction equipment, aft deck and jump deck. GOL 0013-0016 and Photo by Joseph Daggs, file name: "Pipes on Deck of MV Breana Marie.12.19.18.Daggs"

4. Post-Surgery Photos of Plaintiff

5. *MV Briana Marie* specification sheet, GOL 0017

6. Mitchell Glover witness statement, dated the 30th of November 2018, GOL 0018-0019

7. Clayton Edward Duncan, witness statement, dated the 30th of November 2018, GOL 0020

8. Joseph Daggs, handwritten witness statement, dated the 30th of November, 2018

9. Cox Operating, first report of incident, dated November 30, 2018

10. REC Marine Logistics (RML) Daily Master's Log, period the 20th of November 2018 through the 15th of December 2018, GOL 0610-0634

11. Coast Guard Certificate of Documentation for the *MV Briana Marie*

12. OMS Functional Capacity Evaluation

13. Captain Joseph Bridges' Expert Report and/or CV

14. Dr. Jeff Peterson's Expert Report and/or CV

15. Dr. Stephen Caples' Expert Report and/or CV

16. Chart of Plaintiff's medical billing expenses

17. Plaintiff's Medical and Billing Records from Imperial Surgery Center

18. Plaintiff's Medical and Billing Records from Key Health

19. Plaintiff's Medical and Billing Records from Louisiana Pain Specialists

20. Plaintiff's Medical and Billing Records from Matthew Porche, D.C.

21. Plaintiff's Medical and Billing Records from Memorial MRI & Diagnostic

22. Plaintiff's Medical Records from Occupational Medicine Services, LLC

23. Plaintiff's Medical and Billing Records from Texas Center for Neurosciences and Associated Treatment Facilities

24. Plaintiff's Medical and Billing Records from AccidentMeds

25. Plaintiff's Medical and Billing Records from Walgreens Pharmacy

26. Plaintiff's Medical and Billing Records from Altus Hospital

27. Plaintiff's Future Medical Expense Estimate from United Memorial Medical Center

28. Plaintiff's Future Medical Expense Estimate from Careus IOM

29. Plaintiff's IRS Tax Records

30. Plaintiff's Social Security Earnings Records

31. Plaintiff's Earnings Records from The System Group

32. Plaintiff's Earnings Records from Longnecker Properties, Inc.

33. Plaintiff's Earnings Records from Helix Resources

34. Plaintiff's Earnings Records from EPS Cargo Handlers Company, Inc.

35. Plaintiff's Earnings Records from Bollinger Shipyards LLC

36. Plaintiff's Earnings Records from Bayou Inspection Services, Inc.

37. Plaintiff's Earnings Records from Pioneer Production Services, Inc.

38. Plaintiff's Earnings Records from REC Marine Logistics, LLC and/or GOL, LLC

39. Any pleadings filed in connection with this matter

40. Any and all discovery requests, responses and documents produced in relation to this matter

41. The stipulations of any party

42. Any and all documents provided or identified in Initial Disclosures by any other party

43. Any exhibit attached to a deposition

44. Any document obtained through subpoena responses or authorizations

45. Any and all exhibits listed or sought to be introduced by any other party to this litigation

46. The deposition of any witness who is unavailable for trial

47. Any item listed by any other party to this litigation

48. Any document needed for rebuttal or impeachment

**ii)** **Defendants' Exhibits**

49. Personal Incident/Illness Report of November 30, 2018;

50. Certificate of Documentation for the BRIANA MARIE;

51. Specification Sheet for the BRIANA MARIE;

52. Deck Photographs of the BRIANA MARIE;

53. Recorded statement taken from plaintiff on November 30, 2018;

54. Daily Master Logs for the BRIANA MARIE from November 29-30, 2018;

55. Rough vessel logs for the BRIANA MARIE from November 29-30, 2018;

56. GOL, LLC and REC Marine Logistics, LLC HSE Manual sections pertaining to stop work authority;

57. Written statement of Joseph Daggs;

58. Written Statements of Mitchell Glover;

59. Written Statement of James Davis;

60. Written Statement of Clayton Duncan;

61. Cox Operating first report of incident dated November 30, 2018;

62. USCG Application for Medical Certificate dated October 31, 2018;

63. Medical and/or pharmacy records (including billing records) of plaintiff, including, but not limited to, the following:

   a) Occupational Medicine Services, LLC and/or William Lemaire;
   b) Open MRI of Louisiana – Houma and/or Dr. Stephen Pomeranz;
   c) Texas Center for Neurosciences and/or Dr. Remi Nader;
   d) LA Pain Specialists and/or Dr. Suneil Jolly (including drug screens)
   e) Flynn Manceaux Chiropractic Clinic;
   f) Altus Baytown Hospital;
   g) Prime Mediquip Services;
   h) Southeast Texas Cardiovascular;
   i) Sentry Neuromonitoring;
   j) Alliance Spine

64. Medical records from any provider or facility who has treated plaintiff either prior to or after the alleged incident;

65. Any records produced by Key Health Medical Solutions, Inc. in response to subpoena issued by defendants;

66. Plaintiff's personnel file and pre-employment medical questionnaire and records with REC Marine;

67. Plaintiff's earnings records at REC Marine;

68. The license and qualification records of Captain Mitchell Glover;

69. IRS and Social Security earnings records of plaintiff;

70. Employment and injury records from Bollinger Shipyards;

71. Prior and subsequent employment records of plaintiff, including prior pre-employment medical history questionnaires, including, but not limited to, those from:

   a) Bollinger Shipyards;
   b) C&G Welding;
   c) Pioneer Production Services, Inc.;
   d) EPS Cargo Handlers;
   e) Longnecker Properties, Inc.;
   f) Danos;
   g) Lauren Engineers;
   h) Stranco;
   i) Oceanwide;
   j) Helix Resources;
   k) The Systems Group;
   l) Bayou Inspection Services, Inc.;
   m) DHD Offshore Services

72. Subpoena Duces Tecum Response from USAA Insurance;

73. Subpoena Duces tecum Response from Financial Indemnity Company;

74. The CV and/or expert report of Nancy Favaloro;

75. The CV and/or expert report of Kenneth Boudreaux, Dan M. Cliffe, J. Stuart Wood, and/or John Page;

76. Any pleadings filed in connection with this matter and/or any related matters;

77. Any and all discovery requests, responses and documents produced in relation to this matter;

78. Any and all documents provided or identified in Initial Disclosures by any other party;

79. Any exhibit attached to a deposition;

80. Any and all exhibits listed or sought to be introduced by any other party to this litigation;

81. The deposition of any witness who is unavailable for trial;

82. Any item listed by any other party to this litigation; and

83. Any document needed for rebuttal or impeachment.

**B.**     **Exhibits to Which Plaintiff Objects**

1. The following medical and/or pharmacy records (including billing records) of Plaintiff:

   a)  Ochsner St. Anne Hospital and/or Dr. Ryan Wolfort;
   b)  Complete Occupational Health Services;
   c)  Dr. Thomas Falterman;
   d)  Matherne Chiropractic Family Wellness Center;
   e)  Diagnostic Imaging Services;
   f)  Leonard J. Chabert Medical Center;
   g)  Family Doctor Clinic of Mathews;
   h)  Our Lady of the Lake Regional Medical Center;
   i)  Thibodaux Regional Medical Center;
   j)  Bourgeois Medical Center;
   k)  Dr. Gayathri Talluri;
   l)  Walmart Pharmacy Records;
   m)  CVS Pharmacy Records;
   n)  D&M Pharmacy Records;
   o)  Social Security Administration Disability Records

   Basis: Relevance, Hearsay, Prejudicial vs. Probative Value

2. Civil and Criminal records of plaintiff;

   Basis: Improper Character Evidence, Prejudicial vs. Probative Value, Hearsay, Relevance

3. Surveillance footage of plaintiff;

   Basis: Prejudicial vs. Probative Value, Relevance, and Authentication

4. Condon Claims Management file re prior accident involving plaintiff;

   Basis: Improper Character Evidence, Relevance, Hearsay, Prejudicial vs. Probative Value

16

5. The CV and/or IME report of Dr. Christopher Cenac, Jr.;

   Basis: Reliability (*Daubert*), Prejudicial vs. Probative Value, Hearsay, Improper

   Designation

6. The CV and/or expert report of Captain David Scruton;

   Basis: Reliability (*Daubert*), Prejudicial vs. Probative Value, Hearsay

7. The CV and/or expert report of William Cho;

   Basis: Reliability (*Daubert*), Prejudicial vs. Probative Value, Hearsay

8. The CVs and/or expert report of Karin Becker and Angela Audler;

   Basis: Reliability (*Daubert*), Prejudicial vs. Probative Value, Hearsay; Improper Designation

9. Records pertaining to payment of any medical expenses by or on behalf of plaintiff and any

   agreements related to same;

   Basis: Hearsay, Prejudicial vs. Probative Value, Attorney Client Privilege

10. Any document obtained through subpoena responses or authorizations;

    Basis: Hearsay, Prejudicial vs. Probative Value, Too Broad

### C.  Exhibits to Which Defendants Object

1. GOL Health, Safety and Environmental Manual (HSEM) 1 of 2 & 2 of 2, GOL 0108-0634,

   most likely specific to the portions referenced in Captain Bridges' expert report

2. The rough logs for the *M/V Briana Marie*, GOL 4380 to 4413

### 11. Deposition Testimony

Plaintiff:

a.  Deposition of Clayton Duncan

b.  Deposition of Mitchell Glover

c.  Deposition of Carolyn Joseph

d.  Deposition of Dr. Remi Nader

e.  Deposition of Mariah Valentine

f.  Deposition of William Lemaire

Plaintiff reserves the right to use, in whole or in part, any deposition testimony for impeachment purposes or purposes allowed by the Federal Rules of Civil Procedure.

Defendants:

Defendants reserve the right to use the deposition of any witness who is outside the Subpoena power of the court or who is unavailable for trial.

## 12. **Demonstrative Exhibits**

**A.**      **Plaintiff's Demonstrative Exhibits**

1.  YouTube video entitled "Risky Swing Rope Transfer" that demonstrates a swing rope transfer should the Court allow it to be used as a demonstrative exhibit. (Defendants object to the use of this video. The Court previously granted Defendants' Motion in Limine to exclude it.)

2.  Enlargements of any exhibits admitted into evidence by the Court.

**B.**      **Defendants' Demonstrative Exhibits**

Defendants reserve the right to use enlargements of any exhibits admitted into evidence by the Court.

## 13. **Witness Lists**

**A.**      **Witnesses Plaintiff Expects to Call to Testify at Trial**

1.      Joseph Daggs
        352 Al Joseph Lane

Thibodaux, LA 70301

Mr. Daggs will testify as to how the incident made the basis of this suit occurred and the extent to which he suffered injury and damages.

2.      Mitchell Glover (by deposition or in-person)
        c/o Kyle Khoury and Salvador Pusateri

Mr. Glover will testify as to how the incident made the basis of this suit occurred.

3.      Clayton Duncan (by deposition)
        124 West 132nd Street
        Cut Off, LA 70345

Mr. Duncan will testify as to how the incident made the basis of this suit occurred.

4.      Carolyn Joseph

        352 Al Joseph Lane

        Thibodaux, LA 70301

Ms. Joseph will testify as to the extent to which Plaintiff has suffered injury and damages as a result of the incident made the basis of this suit.

5.      Mariah Valentine

        1300 Richfield Avenue, Apt. 107

        Thibodaux, LA 70301

Ms. Valentine will testify as to the extent to which Plaintiff has suffered injury and damages as a result of the incident made the basis of this suit.

6.      Dr. Remi Nader

        Texas Institute for Neurosciences
        4141 Southwest Freeway, Suite 490
        Houston, TX  77027

Dr. Nader will testify as to the extent to which Plaintiff has suffered injury and damages as a result of the incident made the basis of this suit, the medical treatment Plaintiff has received, and the reasonableness and necessity of the cost of the treatment and the

treatment itself.

7.      Richard Anguiano
        Memorial MRI & Diagnostic
        3980 Dowlen Rd
        Beaumont, TX 77706

Dr. Anguiano will testify as to the extent to which Plaintiff has suffered injury and

damages as a result of the incident made the basis of this suit, the medical treatment

Plaintiff has received, and the reasonableness and necessity of the cost of the treatment

and the treatment itself.

8.      Joseph R. Bridges
        Maritime Solutions and Consulting
        1210 Baronne Street, New Orleans, LA 70113

Mr. Bridges will provide expert testimony as to the liability for the occurrence of the

incident made the basis of this suit.

9.      Jeff Peterson, M.Ed., LRC, LPC, CRC, CVE, CLCP
        Jeff Peterson & Associates, LLC
        667 S Post Oak Rd, Sulphur, LA 70663

Mr. Peterson will provide expert testimony as to the vocational rehabilitation capacities

of Plaintiff as a result of the incident made the basis of this suit.

10.     Stephen Caples, Ph.D.
        McNeese State University
        Burton Business Center, 339
        4205 Ryan St, Lake Charles, LA 70605

Dr. Caples will provide expert testimony as to the extent to which Plaintiff has suffered

economic loss as a result of the incident made the basis of this suit.

11.     Any witness needed to authenticate any document or evidence introduced at trial.

12.     Any witness needed for rebuttal or impeachment.

13.     Any witness listed or identified by any other party to this litigation.

**B.    Witnesses Defendants Expect to Call to Testify at Trial**

**Defendants Will-Call List**

1.      Joseph D. Daggs
        352 Al Joseph Lane
        Thibodaux, LA 70301

        Mr. Daggs is expected to testify concerning the facts and circumstances surrounding his alleged accident onboard the M/V BRIANA MARIE

2.      Mitchell Glover, Captain onboard the M/V BRIANA MARIE
        P.O. Box 284
        Stockton, Alabama 36579

        Mr. Glover is respected to testify as to the facts and circumstances surrounding the alleged accident of Joseph Daggs, and his operation of the M.V BRIANA MARIE

3.      Carolyn Joseph
        352 Al Joseph Lane
        Thibodaux, LA 70301

        Plaintiff's mother on cross-examination to testify as to plaintiff's alleged injuries and recovery from same

4.      Mariah Valentine
        1300 Richfield Ave. Apt. 107
        Thibodaux, LA 70301

        Plaintiff's girlfriend on cross-examination to testify as to plaintiff's alleged injuries and recovery from same

5.      A Corporate representative(s) of REC Marine Logistics, LLC
        4535 LA-308
        Raceland, LA 70394

        Will testify as to the facts and circumstances surrounding plaintiff's alleged accident, the role of REC Marine in manning and operating the M/V BRIANA MARIE, the value of the M/V BRIANA MARIE and other issues surrounding liability

6.      A Corporate representative(s) of GOL, LLC
        4535 LA-308
        Raceland, LA 70394

Will testify as to the relationship between GOL, LLC and REC Marine, the involvement of GOL, LLC in chartering the M/V BRIANA MARIE, and other issues surrounding liability

7. A Corporate representative(s) of T&T Marine 2, LLC
4535 LA-308
Raceland, LA 70394

Will testify as to the relationship between T&T Marine 2, LLC and REC Marine, the ownership of the M/V BRIANA MARIE, and other issues surrounding liability

8. Dr. Christopher Cenac, Jr.
1001 School St.
Houma, LA 70360

IME physician for defendants to testify concerning plaintiff's alleged injuries and medical treatment, and all issues concerning medical causation

9. Nancy Favaloro
1615 Poydras St. #1040
New Orleans, LA 70112

Vocational rehabilitation counselor for defendants to testify as to plaintiff's vocational capabilities and expected earnings

10. Dr. Kenneth Boudreaux, Ph.D., and/or Dan M. Cliffe, CPA, and/or J. Stuart Wood, Ph.D., and/or John Page, Ph.D

Economic expert to testify regarding plaintiff's alleged economic losses

11. Captain David Scruton
12411 Donna Lane
Houston, Texas 77067

Liability expert to testify regarding the operation of the M/V BRIANA MARIE on the date of the plaintiff's alleged accident, plaintiff's allegations of negligence and unseaworthiness, and all issues surrounding liability

12. William Cho
4544 Post Oak Place, Suite 160
Houston, Tx 77027

Forensic weather expert for defendants to testify as to the weather and sea conditions on the date of plaintiff's alleged accident

13. Karin Becker and/or Angela Audler

10141 Chenevert Rd.
Westwego, LA

P.O. Box 743
Chalmette, LA 70043

Medical auditing expert to testify as to reasonable and customary charges for medical treatment

**Defendants' May-Call List**

1. Clayton Duncan
   124 W. 132nd St.
   Cut Off, LA 70345

   Former REC Marine employee who may testify as to his job duties on the M/V BRIANA MARIE, the operation of the vessel on the date in question, and the facts and circumstances surrounding plaintiff's alleged accident.

2. James Davis
   Address unknown

   REC Marine employee who may testify as to his job duties on the M/V BRIANA MARIE, the operation of the vessel on the date in question, and the facts and circumstances surrounding plaintiff's alleged accident

3. Dr. Gayathri Talluri

4. A representative of Altus Baytown Hospital

5. Any individual onboard the West Delta 31E who witnessed plaintiff's alleged accident

6. Any witness needed to authenticate or provide testimony concerning the medical records identified in defendants' list of exhibits

7. Any witness needed to authenticate or provide testimony concerning the employment or earning records identified in defendants' list of exhibits

8. A representative of Genesis Investigations Group
   1517 Edwards Ave.
   New Orleans, Louisiana 70123

   May testify as to surveillance conducted of plaintiff

9.     Any witness needed to authenticate any other evidence introduced at trial

10.    Any witness needed for rebuttal or impeachment

11.    Any witness listed or identified by any other party to this litigation

The witness lists were filed in accordance with prior court orders.

**14. <u>Jury Trial</u>**

All aspects of the case will be tried before a jury. Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to prospective jurors on voir dire shall be electronically filed with the Court not later than **five (5)** working days prior to the trial date.

**15. <u>Issues of Liability</u>**

The issues of liability will not be tried separately from that of quantum.

**16. <u>Expedition of the Case</u>**

At this time, there are no other matters that might expedite a disposition of the case.

**17. <u>Trial Length</u>**

Trial shall commence on October 4, 2021 at 9:00am.  The parties anticipate that the trial will take 5 days.

**18. <u>Conference of Counsel</u>**

This pretrial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

**19. <u>Possibility of Settlement</u>**

Possibility of settlement of this case has been considered.

**Respectfully submitted,**

**The Law Office of Ronald C. Hammock, APLC**

Mr. Ronald C. Hammock
Louisiana Bar Roll No. 06480
321 N Vermont Street, Suite 106
Covington LA, 70433
Phone: (985) 302-9553
Email: RonHammock@RCHammocklawfirm.com
**ATTORNEY FOR PLAINTIFF JOSEPH DAGGS**

Kolodny Law Firm, PLLC

Mr. Alan Kolodny
State Bar of Texas: 24056882
Mr. Rashon Murrill
State Bar of Texas: 24110622
1011 Augusta Dr., Suite 111
Houston, TX 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: akolodny@fko-law.com
Email: rmurrill@fko-law.com
**ATTORNEYS *PRO HAC VICE* FOR PLAINTIFF JOSEPH DAGGS**

The Ferguson Law Firm, LLP

By: */s/ Paul 'Chip' Ferguson, Jr.*
Mr. Paul 'Chip' Ferguson, Jr.
State Bar No. 06919200
Mr. Tim M. Ferguson
State Bar No. 24099479

The Ferguson Law Firm, LLP
350 Pine Street, Suite 1440
Beaumont, Texas 77701
409-832-9700 (telephone)
409-832-9708 (facsimile)
cferguson@thefergusonlawfirm.com
tferguson@thefergusonlawfirm.com
**ATTORNEYS *PRO HAC VICE* FOR**
**PLAINTIFF JOSEPH DAGGS**

Pusateri, Johnson, Guillot & Greenbaum, LLC


_____/s/ *Kyle A. Khoury*_____
Mr. Kyle A. Khoury, T.A.
Louisiana Bar Roll No. 33216
Mr. Salvador J. Pusateri
Louisiana Bar Roll No. 21036
Ms. Meredith W. Blanque
Louisiana Bar Roll No. 32346
Pusateri, Johnson, Guillot & Greenbaum, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Phone: (504) 620-2500
Email: Kyle.Khoury@pjgglaw.com
Email: Salvador.Pusateri@pjgglaw.com
**ATTORNEYS FOR DEFENDANTS**
**GOL, LLC, REC MARINE LOGISTICS,**
**LLC, & T & T MARINE 2, LLC**


## CERTIFICATE OF SERVICE

I do hereby certify that according to Federal Rules of Civil Procedure, the following has been served on each below outlined counsel of record on September 3, 2021.

_____
Alan Kolodny

**Via Electronic Service**
Mr. Kyle A. Khoury, T.A.
Louisiana Bar Roll No. 33216
Mr. Salvador J. Pusateri
Louisiana Bar Roll No. 21036

Ms. Meredith W. Blanque
Louisiana Bar Roll No. 32346
Pusateri, Johnson, Guillot & Greenbaum, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Phone: (504) 620-2500
Email: Kyle.Khoury@pjgglaw.com
Email: Salvador.Pusateri@pjgglaw.com
**ATTORNEYS FOR DEFENDANTS**
**GOL, LLC, REC MARINE LOGISTICS,**
**LLC, & T & T MARINE 2, LLC**