UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **JOSEPH DAGGS** § | | |
|     **Plaintiff,** § | | |
| § | | |
| **VS.** § | | **NO. 2:19-cv-00071-BWA-DPC** |
| § | | |
| **GULF OFFSHORE LOGISTICS, LLC** § | | |
|     **Defendant** § | | |

**PLAINTIFF'S REQUESTED VOIR DIRE QUESTIONS**

**To the Honorable Judge of Said Court:**

Plaintiff **JOSEPH DAGGS** submits the following proposed voir dire questions and requests that the Court inquire of the jury panel as follows. By so doing, Plaintiff does not waive his request that his counsel be allowed to conduct his own voir dire or otherwise participate in the questioning of the jury panel.

**I. Knowledge or relationship to Parties or Attorneys**

    a. The plaintiff in this case is Mr. Joseph Daggs.

        i. Mr. Daggs is 40 years and lives in Thibodeaux, Louisiana. Does anyone know or know of Mr. Daggs?

        ii. On November 30, 2018, Mr. Daggs was working as a deckhand offshore for REC Marine, an offshore transport and support company located south of New Orleans. REC Marine is a defendant in this case.

            1. Anyone work for or have any business dealing with REC Marine?

            2. Anyone work or have any business dealings in the offshore industry?

        3. Anyone *ever* worked in or for any offshore company?

        4. Anyone know or related to anyone who works for or with REC Marine?

  b. Do any of you have any legal experience or training (including family members)?

  c. Have any of you ever been a plaintiff or defendant in a lawsuit (including family members)?

## II. Incident

  a. Mr. Daggs claims he was injured while working aboard one of REC Marine's offshore vessels on November 30, 2018. Do any of you know, or have you heard, anything about this incident?

  b. Have any of you been involved in any type of offshore incident or event that caused you to suffer any degree of injury (including family members)?

  c. Do any of you have any experience working in or for law enforcement (including family members)?

      i. Do any of you have any experience working in or with the U.S. Coast Guard (including family members)?

     ii. Do any of you have any experience working with any U.S. Coast Guard regulations (including family members)?

    iii. Besides the U.S. Coast Guard regulations, do any of you have any experience working with, and being required to follow, any regulations put forth by a governmental agency such as OSHA, for example?

  d. Do any of you have any experience investigating accidents – regardless of what type of accident or incident it may be (including family members)?

      i. Do any of have, or have you ever held, a job that is primarily a "safety" job (including family members)?

      ii. Do any of you have, or have you ever had, a job where you evaluated claims or determined the value of a claim (including family members)?

      iii. Have any of you ever worked in a risk management job (including family members)?

      iv. Have any of you ever worked in the insurance industry (including family members)?

### III. Jones Act and Unseaworthiness

a. Mr. Daggs has appropriately filed this case as a Jones Act case. The Jones Act is a federal law passed many years ago to protect offshore workers like Mr. Daggs. There are two types of claims in this case under the Jones Act.

b. Joseph Daggs first claim under the Jones Act is that the Defendant was negligent, and that this negligence was a cause of his injuries. Negligence in a Jones Act case is liberally interpreted. It includes any breach of duty that an employer owes to its employees who, like Mr. Daggs, are seamen, including the duty of providing for the safety of the crew. Under the Jones Act, if the defendant's negligent act was the cause, in whole or in part, of injury to a seaman employee, then you must find that the employer is liable under the Jones Act. In other words, under the Jones Act, the Defendants bears the responsibility for any negligence that played a part, however slight, in causing Mr. Daggs' injury.

      i. Do any of you believe or hold an opinion that it is unfair or wrong to impose this responsibility on a Defendant?

      ii. Do any of you believe that, if Mr. Daggs shows negligence under the Jones Act, that he is still not entitled to his damages that flow from that negligence?

c. Mr. Daggs' second claim is for what is called the unseaworthiness of Defendant's vessel.  A shipowner owes every member of the crew employed on its vessel the absolute duty to keep and maintain the vessel and all its decks and passageways, appliances, gear, tools, parts, and equipment in a seaworthy condition at all times. A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend on negligence or fault or blame. If an owner does not provide a seaworthy vessel—a vessel that is reasonably fit for its intended use—no amount of care or prudence excuses the owner.

      i. Do any of you believe or hold the opinion that it is unfair or wrong to hold the Defendant liable for Mr. Daggs' injuries for an unseaworthy vessel?

      ii. Do any of you believe or hold the opinion that it is unfair or wrong to hold the Defendant liable for an unseaworthy vessel even if there is no negligence, fault, or blame?

**IV. Medical**

a. Mr. Daggs claims he injured parts of his spine in this incident.  In particular, he claims he injured his lower back and upper neck.  He has had spinal surgery on his low back.

    b. Have any of you ever sustained an injury to any part of your spine to the extent you required any type of medical care or attention?

        i. Have any of you ever undergone any type of surgery to your back or neck such as a fusion or laminectomy – anything like that?

        ii. Have any of you ever been seen or treated by a chiropractor?

    c. Do any of you have any experience or training in the medical or health field (including family members)?

    d. To the extent that Mr. Daggs had any prior or pre-existing injuries or conditions, he may still be compensated to the extent that the November 30, 2018 incident aggravated or made worse.

        i. Have any of you ever had any condition or injury that was later made worse by some new or additional event or incident?

        ii. Do any of you believe that a person like Joseph Daggs should not be compensated if REC's negligence made any pre-existing condition symptomatic or worse?

## V. **Damages**

    a. If you find for Mr. Daggs, he is entitled, under our law, to recover monetary damages for his injuries and the effects of those injuries.

        i. Is there anyone who believes, for whatever reason, that it is wrong or improper for a person to recover monetary damages for his or her injuries?

        ii. If any of you were injured due to the negligence or fault of another, how many of you would, more likely than not, file a lawsuit to recover monetary damages?

        iii. How many of you, more likely than not, would not file such a lawsuit?

b. The Court will instruct you for the items Mr. Daggs is entitled to recover. Those are:

        i. His medical bills incurred or charged him for the care and treatment he has received.

        ii. His medical bills that, more likely than not, he will incur in the future or over the remained of his lifetime.

c. Is there anyone who believes or feels, for whatever reason, that he should not recover his medical expenses, past and future?

        i. An example of that is that we anticipate that Mr. Daggs will require spinal surgery (at least one, maybe more) in the future. Does anyone feel he should not be allowed to recover for that?

d. On that point, the jury in this case will be required to award damages for both Mr. Daggs' in the past and in the future. The Court will instruct you about how to determine future damages.

        i. Mr. Daggs is not required to prove his future damages and losses with certainty or beyond a reasonable doubt or anything with that degree of proof.

        ii. The burden of proof in this case is what is called a "preponderance of the evidence". That means the greater weight of the evidence of what is "more likely than not". It means no more than tip the scale.

      iii. Understanding that, is there anyone who feels that they would or may require more than just 'tipping the scale' in order to award damages, including future damages, in this case?

e. Besides his medical expenses, Mr. Daggs is also entitled to recover for how his injuries have or will impact his earnings. Is there anyone who believes he should not be allowed to recover for that?

f. Does anyone believe that the value of human suffering is limited to out-of-pocket losses or loss of a paycheck?

g. If you or a loved one was injured and were unable to work and was undergoing tremendous pain and suffering – physical, mental or both. And you had the power to take this away but could only take away one: either you could go back to work but still have tremendous pain and suffering OR erase the pain and suffering but not work – how many would choose to work with tremendous suffering?

      i. How many would choose to get rid of the suffering?

h. The law recognizes the human impact of injuries – the high price of negligence.

      i. It allows Mr. Daggs to recover for things such as physical pain. For mental anguish. For physical impairment or what some call the loss of enjoyment of life.

      ii. Is there anyone who could not, for whatever reason, could not award monetary damages for physical pain? Mental anguish? Physical impairment and loss of enjoyment of life?

VI. **Compensation**

    a. Some of the damages are subject to mathematical calculation. You can, for example, add up medical bills. You will have medical doctors discuss the cost for Mr. Daggs' future medical. Those will be your roadmap as to the amount to be awarded for those types of things.

    b. Other items of damages are not that way. They are left to you, based on your sense of fairness and the evidence you hear. Those items are mental anguish and physical pain – those types of things.

        i. You will not hear evidence as to what the "amount" of Mr. Daggs' pain has been or will be. You, as our "conscience of the community" will determine that.

        ii. The attorneys can recommend amounts. You can consider how long the suffering has been and how long the suffering over his lifetime will be.

    c. The Plaintiff, through his attorneys, have advised the Court that the amount of damages sought will be substantial. The Court believes that amount will be well in excess of $1,000,000 and the Court will allow you as jurors to consider those amounts.

        i. Is there anyone who, for whatever reason, feels you could not award damages in the millions of dollars – even for items such as physical pain and mental anguish?

VII. **Other Questions**

    a. Do any of you have any experience or training working in or as a social worker?

    b. Do any of you own or operate your own business (including family members)?

    c. Are any of you, now or in the past, union members (including family members)?

    d. Do any of you, now or in the past, work for a governmental entity (including family members)?

    e. Have any of you ever had the responsibility of caring for a loved one who was victim of a prolonged injury or illness?

        i. Have any of you ever needed to be cared for yourself due to a prolonged injury or illness?

Respectfully submitted,

THE FERGUSON LAW FIRM, LLP
By: s/ *Paul F. "Chip" Ferguson, Jr.*
Paul F. Ferguson, Jr.
State Bar No. 06919200
Timothy M. Ferguson
State Bar No. 24099479
350 Pine Street, Suite 1440
Beaumont, Texas 77701
(409) 832-9700 phone
(409) 832-9708 fax
cferguson@thefergusonlawfirm.com
tferguson@thefergusonlawfirm.com

and

Kolodny Law Firm, PLLC

Mr. Alan Kolodny
State Bar of Texas: 24056882
Mr. Rashon Murrill
State Bar of Texas: 24110622
1011 Augusta Dr., Suite 111
Houston, TX 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: akolodny@fko-law.com
Email: rmurrill@fko-law.com

**ATTORNEYS *PRO HAC VICE* FOR PLAINTIFF JOSEPH DAGGS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record herein in accordance with the Federal Rules of Civil Procedure on February 4, 2022.