# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH DAGGS | § | CIVIL ACTION NO. 2:19-cv-00071 |
| | § | |
|     Plaintiff, | § | DISTRICT JUDGE: |
| VS. | § | BARRY W. ASHE |
| | § | |
| GULF OFFSHORE LOGISTICS, LLC | § | MAGISTRATE JUDGE: |
| | § | JOSEPH C. WILKSINSON, JR. |
|     Defendant | § | |
| | § | SECTION: M (2) |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW INTO COURT** comes Plaintiff Joseph Daggs (hereinafter referred to as "Plaintiff"), and respectfully requests that the following instructions be provided to the jury during the trial of this matter:

### Fifth Circuit Pattern Jury Instructions

1. Charge 1.1 – Instructions for Beginning of Trial
2. Charge 1.2 – Preliminary Instructions to Jury
3. Charge 2.1 – First Recess
4. Charge 2.2 – Stipulated Testimony
5. Charge 2.3 – Stipulations of Fact
6. Charge 2.4 – Judicial Notice
7. Charge 2.5 – Discontinuance as to Some Parties
8. Charge 2.6 – Limiting Instruction
9. Charge 2.9 – Witness Not Called
10. Charge 2.10 – Similar Acts

11. Charge 2.13 – Deposition Testimony

12. Charge 3.1 – Jury Charge

13. Charge 3.2 – Burden of Proof: Preponderance of the Evidence

14. Charge 3.3 – Evidence

15. Charge 3.4 – Witnesses

16. Charge 3.5 – Expert Witnesses

17. Charge 3.7 – Duty to Deliberate; Notes

18. Charge 4.2 – Vessels

19. Charge 4.3 – Jones Act—Unseaworthiness

20. Charge 4.4 – Jones Act—Negligence

21. Charge 4.5 – Unseaworthiness

22. Charge 4.6 – Causation

23. Charge 4.8 – Damages

24. Charge 15.2 – Compensatory Damages

25. Charge 15.3 – Injury/Pain/Disability/Disfigurement/Loss of Capacity for Enjoyment of Life

Supporting Authority: *Fifth Circuit Pattern Jury Instructions, Civil Cases*, (2020).

## **Additional Proposed Jury Instruction 1**

To establish general maritime negligence, a plaintiff need only demonstrate that there was a duty owed by the defendant to the plaintiff, a breach of that duty, injuries sustained by the plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury. *In re Great Lakes Dredge and Dock Company, LLC*, 624 F.3d 201, 211 (5th Cir. 2010); *Canal Barge Company v. Torco Oil Company*, 220 F.3d 370, 376 (5th Cir. 2000).

## **Additional Proposed Jury Instruction 2**

Under maritime law, a defendant owes a plaintiff a duty of ordinary care. *In re Great Lakes Dredge and Dock Company, LLC*, 624 F.3d 201, 211 (5th Cir. 2010); *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir.1980).

### Additional Proposed Jury Instruction 3

A shipowner owes those aboard its vessel the duty of exercising reasonable care under the circumstances of each case for their own safety. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Ross v. John E. Graham & Sons*, 189 F.3d 466 (5th Cir. 1999).

### Additional Proposed Jury Instruction 4

Jones-Act employers have a non-delegable duty to furnish their seamen with a safe place to work. *Alexander v. Global Fabrication, L.L.C.*, 2011 WL 2899124 (E.D.La. 2011).

### Additional Proposed Jury Instruction 5

Loss of earning capacity is not the same as lost wages. Rather, earning capacity refers to a person's potential. Earning capacity is not necessarily determined by actual loss. While the plaintiff's earnings at the time of the accident may be relevant, such figures are not necessarily indicative of his past or future lost earning capacity. The plaintiff need not be working or even in a certain profession to recover this type of award. What is being compensated is the plaintiff's lost ability to earn a certain amount, and he may recover such damages even though he may never have seen fit to take advantage of that capacity.

In order to recover for impairment of earning capacity, a plaintiff must prove two things. First, a plaintiff must demonstrate that before the incident made the basis of this suit, a plaintiff had a capacity to earn money. Second, a plaintiff must show that plaintiff's capacity, if it existed, was diminished through the defendant's negligence.

Factors to consider in fixing awards for loss of earning capacity include: age, work life expectancy, appropriate discount rate, the annual wage rate increase, prospects for rehabilitation, probable future earning capacity, loss of earning capacity, and the inflation factor or decreasing purchasing power of the applicable currency. *Gossett v. Wal-Mart Stores, Inc.*, 2007 WL 628116 (E.D.La. 2007).

### Additional Proposed Jury Instruction 6

The testimony of an attending physician should be accorded more weight and probative value than that of a physician who has made an examination solely for the purpose of giving expert testimony regarding plaintiff's condition. In other words, in this case, the testimony of Dr. Nader should be given greater weight than the testimony of Dr. Cenac, who examined Mr. Daggs only in preparation for litigation.

This instruction embodies long-standing law and practice under Louisiana substantive law. The Fifth Circuit has recognized the weight of such law in Louisiana maritime cases. *Mouton v. United States*, 860 Fed. Appx. 914 (5th Cir. 2021) citing as controlling authority *Francis v. Brown*, 671 So. 2d 1041 (La. Ct. App. 1996). A sister court within the circuit held:

"Finally, as this is a diversity case, the court must apply Louisiana law, which expresses a preference for the testimony of a treating physician over that of a specially retained examiner who has seen the plaintiff only once. Furthermore, Louisiana law allows for a jury instruction that greater weight should be given to the testimony of treating physicians than that of single visit examiners."

*Carroll v. Praxair, Inc.*, No. 05-0307; 2007 U.S. Dist. LEXIS 9212 at *11, 2007 WL 437697 (W.D. La. Feb. 7, 2007) (citations omitted). In *Francis*, *supra*, the Court held it was error to refuse the following instruction:

"The testimony of an attending physician should be accorded more weight and probative value than that of a physician who has made an examination solely for the purpose of giving expert testimony regarding plaintiff's condition.

In other words, in this case, the testimony of Drs. Shepherd and Phillips should be given greater weight than the testimony of Dr. McDaniel, who examined Michelle only once in preparation for litigation."

671 So.2d at 1045-46.

### Additional Proposed Jury Instruction 7

A defendant takes its victim as it finds him and is responsible for all damages resulting from its tortious conduct.

### Additional Proposed Jury Instruction 8

A seaman such as Joseph Daggs is not contributorily negligent for carrying out orders that result in his own injury, even if he recognizes possible danger. This includes the seaman's failure to exercise stop work authority.

This sets forth the rule long-established in *Williams v. Brasea, Inc.*, 497 F.2d 67, 73 (5th Cir. 1974). See also *Ledet v. Smith Marine Towing Corp.*, 455 Fed. Appx. 417, 422 (5th Cir. 2011) (following and affirming same rule). *Granger v. Odyssea Vessels, Inc.*, 2015 U.S. Dist. LEXIS 79786 (E.D. La. June 18, 2015) (applying rule to "stop work authority").

**Respectfully submitted,**

**The Law Office of Ronald C. Hammock, APLC**

Mr. Ronald C. Hammock
Louisiana Bar Roll No. 06480
321 N Vermont Street, Suite 106
Covington LA, 70433
Phone: (985) 302-9553

Email: RonHammock@RCHammocklawfirm.com
**ATTORNEY FOR PLAINTIFF JOSEPH DAGGS**


Kolodny Law Firm, PLLC

_____
Mr. Alan Kolodny
State Bar of Texas: 24056882
Mr. Rashon Murrill
State Bar of Texas: 24110622
1011 Augusta Dr., Suite 111
Houston, TX 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: akolodny@fko-law.com
Email: rmurrill@fko-law.com
**ATTORNEYS *PRO HAC VICE* FOR PLAINTIFF JOSEPH DAGGS**


The Ferguson Law Firm, LLP

By: */s/ Paul 'Chip' Ferguson, Jr.*
Mr. Paul 'Chip' Ferguson, Jr.
State Bar No. 06919200
Mr. Tim M. Ferguson
State Bar No. 24099479
The Ferguson Law Firm, LLP
350 Pine Street, Suite 1440
Beaumont, Texas 77701
409-832-9700 (telephone)
409-832-9708 (facsimile)
cferguson@thefergusonlawfirm.com
tferguson@thefergusonlawfirm.com
**ATTORNEYS *PRO HAC VICE* FOR PLAINTIFF JOSEPH DAGGS**

# CERTIFICATE OF SERVICE

      I do hereby certify that according to Federal Rules of Civil Procedure, the following has been served on each below outlined counsel of record on February 4, 2022.

                                                          Rashon Murrill

**Via ECF:**
Mr. Kyle A. Khoury, T.A.
Louisiana Bar Roll No. 33216
Mr. Salvador J. Pusateri
Louisiana Bar Roll No. 21036
Ms. Kristian Blaine Dobard
Louisiana Bar Roll No. 36997
Pusateri, Johnson, Guillot & Greenbaum, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Phone: (504) 620-2500
Email: Kyle.Khoury@pjgglaw.com
Email: Salvador.Pusateri@pjgglaw.com
Email: Kristian.Dobard@pjgglaw.com
**ATTORNEYS FOR DEFENDANTS**
**GOL, LLC, REC MARINE LOGISTICS,**
**LLC, & T & T MARINE 2, LLC**