UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH DAGGS** | **CIVIL ACTION NO.  2:19-cv-00071** |
| **VERSUS** | **DISTRICT JUDGE:** <br> **BARRY W. ASHE** |
| **GULF OFFSHORE LOGISTICS, LLC, ET AL.** | **MAGISTRATE JUDGE:** <br> **DONNA PHILLIPS CURRAULT** |

### OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL MOTION IN *LIMINE*

**NOW INTO COURT,** through undersigned counsel, come defendants, REC Marine Logistics, LLC, GOL, LLC, and T&T Marine 2, LLC (hereinafter sometimes referred to as "Defendants") who pursuant to this Honorable Court's January 31, 2022 Order, respectfully submit the following Objections to Plaintiff's Supplemental Motion in Limine:

**I.      Plaintiff's Motion in *Limine* No. 26 - Exceptions to the Hearsay Rule**

Plaintiff argues that the Defendants should not be able to reference a statement written in Plaintiff's 2002 medical records at Family Doctor Clinic of Matthews wherein the physician wrote "I suspect malingering."[1] The Plaintiff suggests the statement is hearsay and that "any probative value of this statement is substantially outweighed by the risk of unfair prejudice to the jury."[2] Here, as shown by the medical record, the statement was made for purposes of medical diagnosis and treatment and captured the present sense impression of the physician.

---

[1] R. Doc. 123-1.
[2] *Id*.

### a. **<u>Statements made for purposes of medical diagnosis or treatment – 803(4)</u>**

The medical record falls within the hearsay exception of Fed. R. Evid. 803(4). Rule 803(4) indicates that "statements made for purposes of medical diagnosis or treatment[,]" under the conditions listed in that rule, are admissible even if the declarant is unavailable.[3] The Supreme Court considers this exception to be a "firmly rooted" hearsay exception for purposes of the Confrontation Clause; statements made for medical diagnosis are considered particularly reliable.[4] The admissibility of medical records under this exception is supported by the presumption of reliability that attaches to statements relating to treatment and medical history in such records.[5] Nonetheless, before admitting such statements, the Court needs to determine whether the statements were reasonably considered by the declarant as being pertinent to the diagnosis or treatment sought.[6]

In this matter, the statement was clearly made for the purposes of treatment. This is supported by the fact that three days after the September 20, 2002 incident, plaintiff was examined at Family Doctor Clinic of Matthews when it was noted that plaintiff was 'unable to raise legs over 30 degrees".[7] During the September 20 examination, the physician ordered a one month prescription of pain medication to help with Daggs' alleged pain.[8] About two weeks later on October 9, 2002, Daggs went back to the clinic for further evaluations when at such time, he refused to allow the physician to "raise his legs" and refused to "bend over to touch toes".[9] It should be noted that the October 9 progress note does not include an extension of plaintiff's prescriptions nor does the physician prescribe any additional pain medications or treatment for

---

[3] *Wright v. Nat'l Interstate Ins. Co.*, No. CV 16-16214, 2017 WL 3686562, at *2 (E.D. La. Aug. 25, 2017)
[4] *See White v. Illinois*, 502 U.S. 346, 356 n. 8 (1992).
[5] *Ricciardi*, 811 F.2d at 22.
[6] *Rock Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 278 (5th Cir. 1991).
[7] Exhibit 1, page 2.
[8] *Id*.
[9] Exhibit 1, page 1.

Daggs. Moreover, there were no substantial changes to the physician's initial recommendations of September 20 to indicate a worsening of Daggs' condition or the need for more stringent treatment.

The medical record is relevant and reliable because it relates to plaintiff's symptoms, objective data, and surrounding circumstances that a reasonable physician would consider relevant in the treatment or diagnosis of a medical condition. It contains information regarding plaintiff's pain, past symptoms from his lumbar injury, and its severity along with recommended treatment. Accordingly, the medical record is admissible under 803(4), and is not unfairly prejudicial under FRE 403.

### b. Present Sense Impression – 803(1)

Alternatively, the statement can be admitted under Fed. R. Evid. 803(1). A "present sense impression" is a "statement describing or explaining an event or condition, made while or immediately after the declarant perceived it."[10] Such statements are "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness."[11] "The basis for this hearsay exception relies on the contemporaneousness of the event under consideration and the statement describing the event. Because the two occur almost simultaneously, there is almost no likelihood of a deliberate or conscious misrepresentation."[12]

Here, the statement fits within the limits established by Rule 803(1). The statement, for instance, was obtained on the same day plaintiff was examined, October 9, 2002. Furthermore, the statement "I suspect malingering" goes directly towards a condition the physician perceived unlike in *Phillips v. Gen. Motors Corp.*, No. CIV. A. 99-3423, 2000 WL 1407896, at *6 (E.D. La. Sept. 25, 2000) where the Court determined Zervignon's statement did not refer to an event or condition

---

[10] FED. R. EVID. 803(1).
[11] *Id.*
[12] *United States v. Polidore*, 690 F.3d 705, 720 (5th Cir. 2012).

that he perceived and further, Zervignon did not describe his impressions upon seeing an event transpire. In this case, after the physician witnessed the plaintiff's refusal to allow the physician to raise his legs and plaintiff's refusal to touch his toes, the impression made upon that physician was one of malingering. Accordingly, the statement is admissible under 803(1).

### c. Relevance

Daggs' past malingering is also relevant to his present claims as testimony will be offered at trial that upon Daggs' initial post-accident examination at Occupational Medicine Services by William LeMaire, FNP-C, Daggs exhibited similar evidence of malingering and symptom magnification. As such, the Defendants should be allowed to confront Daggs with this evidence of past malingering and present such evidence to the jury to weigh in determining Daggs' credibility, the central issue at trial.

For the foregoing reasons, Defendants respectfully request that the plaintiff's Supplemental Motion in *Limine* be denied.

Respectfully submitted,

*/s/Kyle A. Khoury*
Salvador J. Pusateri, (#21036)
Kyle A. Khoury, T.A. (#33216)
Kristian B. Dobard (#36997)
Meredith W. Blanque (#32346)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
Kristian.Dobard@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC, GOL, LLC AND T&T MARINE 2, LLC**