IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **JOSEPH DAGGS** | § | **CIVIL ACTION** |
| | § | **NO. 2:19-cv-00071** |
| *Plaintiff,* | § | |
| | § | **DISTRICT JUDGE:** |
| | § | **HON. BARRY W. ASHE** |
| **VS.** | § | |
| | § | **MAGISTRATE JUDGE:** |
| | § | **DONNA PHILLIPS CURRAULT** |
| **GULF OFFSHORE LOGISTICS, LLC,** | § | |
| **ET AL** | § | |
| | § | **SECTION M** |
| *Defendants* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' PRETRIAL MEMORANDUM**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, JOSEPH DAGGS**, hereinafter referred to as Plaintiff, and files his Response to Defendants' Pretrial Memorandum [DOC. 124]. In support, Plaintiff shows as follows:

**I.      Background**

The Court held an in-person Final Pretrial Conference on January 31, 2022. The Court, at that time, gave indications of certain rulings it was inclined to make. Defendants requested an opportunity to brief those matters and the Court allowed same. The Court also gave Plaintiff this opportunity to respond.

**II.     Witness Statements**

Defendants' efforts to use various witness statements run afoul of usual and customary practice and allow for the introduction of hearsay documents.[1]  Citing nary a single case,

---

[1] Plaintiff understands such statements may be used to impeach; however, that use does not transform the statements into an admissible document.

Defendants then attempt to bootstrap these statements into a "business record" and, then, a "contemporaneous statement". These "round peg into square hole" endeavors fall short.

First, these statements include those by persons who were not present and clearly have no first-hand information (Davis) then run to those witnesses already deposed and, presumably, appearing at trial (Daggs, Glover and Duncan). If anything, appropriate use of the statements would be for impeachment. Offering them into evidence – especially as "stand-alone" evidence, is not. This would place undue weight compared to the in-person testimony of witnesses.

### A. **Statements are not business records – they are hearsay within hearsay**

Defendants represent that now – some 3 ½ years post-incident – these records are now "business records". Assuming such, the actual statement remains hearsay within hearsay. See FED. R. EVID. 805. *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260 (5th Cir. 1991). See *Francois v. Gen. Health Sys.*, 437 F. Supp. 3d 530, 536-38 (M.D. La. March 5, 2020). Even if we presume these records to be "business records", that only jumps one of two hearsay hurdles.[2] Defendant is unable to clear the second.

### B. **Statements are not present sense impressions because they lack a showing of being contemporaneously made**

Defendants then fall back on another unsustainable argument: present sense impression. There is no showing when these statements were made in relation to Mr. Daggs' incident and certainly nothing that would allow a finding of contemporaneous statement. *Francois v. Gen. Health Sys.*, 437 F. Supp. 3d at 538. For example, the statement by James L. Davis indicates he

---

[2] This Circuit has long followed the rule, "That is, the mere fact that one level of a multiple-level statement qualifies as "non-hearsay" does not excuse the other levels from rule 805's mandate that each level satisfy an exception to the hearsay rule for the statement to be admissible." *United States v. Dotson*, 821 F.2d 1034 (5th Cir. 1987). See *Pequenco v. Schmidt*, 126 Fed. Appx. 158, 164-65 (5th Cir. 2005)

"was awakened at 9:30 hours and was told of the accident". This was some seven-to-eight hours *post-incident* and, in no way, qualifies as a contemporaneous statement. Likewise, there is <u>no indication</u> when Clayton Edward Duncan, Mitchell Glover or Joseph Daggs made their statements; therefore, Defendants fail in their burden to establish a contemporaneous statement.

### III.     Maintenance and Cure Ruling

The Court granted Defendants' Motion for Summary Judgment on their *McCorpen* defense, removing maintenance and cure issues from jury determination. Defendants now wish to litigate that same issue – and presumably use the Court's Order – before the jury. This issue was visited at our Final Pre-Trial Conference and the Court's intuition was accurate – this type of evidence is inadmissible. Upon request, the Court did allow Defendants an opportunity to brief their position. That briefing is telling.

#### A. <u>Defendants' brief is long on rhetoric and short on authority</u>

Even the most cursory reading of Defendants' argument reveals it is nothing more than rhetoric consisting largely of counsel's speculation on what or how a juror may think. That does not – in any way – informs a court's ruling on admissibility.

#### B. <u>*Wright's Well Control Servs. LLC* supports Plaintiff's position</u>

Defendants' one cited case supports Plaintiff's position that a Court's order is not admissible or proper for use before a jury. *Wright's Well Control Servs. LLC v. Oceaneering Int'l, Inc.*, No. 15-1720; 2018 U.S. Dist. LEXIS, 2018 WL 3439660 (E.D. La. May 3, 2018). Indeed, *Wright's Well* specifically held that (1) "Arguments and the Court's orders related to dismissed claims, however, are inadmissible. Legal arguments on dismissed claims are clearly irrelevant"

and (2) "Evidence and testimony relating solely to claims that have already been dismissed are irrelevant to any remaining claims and defenses."

Defendants allege that Plaintiff's failure to disclose his prior injuries relates directly to the Jones Act and unseaworthy claims.  Not true.  While the *existence* of prior injuries may impact causation of current injuries, whether those injuries were or were not disclosed adds nothing to that equation.  Defendants offer nothing that says otherwise.

Defendants' citation to the Fifth Circuit Pattern Jury Instructions is both disingenuous and misleading.  The forepart to that instruction is it is <u>only</u> to be given if the case involves concealment of material information in hiring.  That issue has been removed at Defendants' choosing when it filed—and obtained—summary judgment.  §4.7 Pattern Jury Instructions for Fifth Circuit, Contributory Negligence (2020).[3]

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court maintain its prior rulings, and exclude the above-discussed evidence.

**Respectfully submitted,**

**The Ferguson Law Firm, LLP**

**/s/. Mr. Paul 'Chip' Ferguson, Jr.**
**Mr. Paul 'Chip' Ferguson, Jr.**
**State Bar of Texas 06919200**
**Mr. Tim M. Ferguson**
**State Bar of Texas 24099479**
**350 Pine Street, Suite 1440**
**Beaumont, Texas 77701**
**Telephone: (409) 832-9700**
**Facsimile:   (409) 832-9708**
**Email: cferguson@thefergusonlawfirm.com**
**            tferguson@thefergusonlawfirm.com**

---

[3] Even if this instruction were proper, it does not allow the Court's *McCorpen* ruling to be bandied about before the jury.  At most, this issue is part of the evidence a jury may consider in apportioning comparative fault.  This is a different test – it subjectively focuses on Plaintiff's state of mind while *McCorpen* does not.

**The Law Office of Ronald C. Hammock, APLC**

**Mr. Ronald C. Hammock**
**Louisiana Bar Roll No. 06480**
**321 N Vermont Street, Suite 106**
**Covington LA, 70433**
**Phone: (985) 302-9553**
**Email:**
**RonHammock@RCHammocklawfirm.com**

**ATTORNEY FOR PLAINTIFF**


**Kolodny Law Firm, PLLC**

**Mr. Alan Kolodny**
**State Bar of Texas: 24056882**
**Mr. Rashon Murrill**
**State Bar of Texas: 24110622**
**1011 Augusta Dr., Suite 111**
**Houston, TX 77057**
**Telephone: (713) 532-4474**
**Facsimile: (713) 785-0597**
**Email: akolodny@fko-law.com**
**Email: rmurrill@fko-law.com**

**ATTORNEYS *PRO HAC VICE* FOR PLAINTIFF JOSEPH DAGGS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record herein in accordance with the Federal Rules of Civil Procedure on February 8, 2022.

_____
Paul 'Chip' Ferguson, Jr.