UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH DAGGS                                          CIVIL ACTION

VERSUS                                                NO. 19-71

GULF OFFSHORE LOGISTICS, LLC,                         SECTION M (2)
*et al.*

## ORDER & REASONS

Before the Court is (1) a motion *in limine* filed by plaintiff Joseph Daggs;[1] (2) two pretrial memoranda filed by defendants REC Marine Logistics, LLC, GOL, LLC, and T&T Marine 2, LLC (collectively, "Defendants") raising certain evidentiary issues;[2] and (3) objections to trial exhibits filed by both parties.[3] Defendants oppose Daggs's motion *in limine*,[4] and Daggs replies in further support of the motion.[5] Daggs responds to Defendants' pretrial memoranda.[6] The Court addresses each filing in turn. Trial was originally set for February 14, 2022, but is now continued.[7]

## I.     Plaintiff's Supplemental Motion *in Limine* (R Doc. 123)

In its supplemental motion *in limine*, Daggs requests the Court to instruct counsel for Defendants to "not make any reference to a statement written in Plaintiff's 2002 medical records at Family Doctor Clinic of Mathews in which the physician writes 'I suspect malingering.'"[8] Daggs argues that this 20-year-old observation "constitutes an unproven, inadmissible hearsay allegation with no exception," and is improper character evidence that is unfairly prejudicial.[9]

---

[1] R. Doc. 123.
[2] R. Docs. 124; 126.
[3] R. Docs. 127; 140.
[4] R. Doc. 128.
[5] R. Doc. 137.
[6] R. Docs. 131; 134.
[7] R. Docs. 104; 142.
[8] R. Doc. 123-1 at 1.
[9] *Id.*; *see also* R. Doc. 137.

Defendants disagree. They argue that the statement is relevant and falls within two exceptions to the hearsay rule, as "the statement was made for purposes of medical diagnosis and treatment and captured the present sense impression of the physician."[10] The Court finds that, even if the statement were relevant, fell within a hearsay exception, and was not improper character evidence (issues the Court need not reach), the probative value of this 20-year-old statement is substantially outweighed by the danger of unfair prejudice to Daggs under Rule 403 of the Federal Rules of Evidence. Thus, the evidence is inadmissible. Accordingly,

IT IS ORDERED that Daggs's motion *in limine* is GRANTED.[11]

## II. Defendants' First Pretrial Memorandum (R. Doc. 124)

In their first pretrial memorandum, Defendants argue that witness statements contained in REC's Personal Incident/Illness Report are admissible under at least two exceptions to the hearsay rule: the business records exception and the exception for present sense impressions.[12] The Court finds that the statements at issue fall within the business records exception because the statements in the report were made (1) within two to four hours of the incident;[13] (2) by witnesses aboard the vessel where the incident occurred;[14] and (3) in the ordinary course of a regularly conducted business activity when an incident or accident occurs.[15] Accordingly,

IT IS ORDERED that the witness statements contained in REC's Personal Incident/Illness Report are admissible.

In addition, Defendants argue that the evidence related to the dismissed maintenance-and-

---

[10] R. Doc. 128 at 1.
[11] To the extent the medical record is admissible for purposes unrelated to the observation concerning "malingering," Defendants may introduce a redacted copy of the record.
[12] R. Doc. 124 at 1-2.
[13] R. Doc. 124-1 at 7.
[14] R. Doc. 124 at 3.
[15] *Id.* It is likely that the statements also fall within the exception for present sense impressions. However, the Court defers this issue until trial if raised again.

cure claim is relevant to the remaining claims to be tried and, therefore, is admissible.[16] Daggs disagrees, arguing that his failure to disclose his prior injuries does not relate directly to the Jones Act and unseaworthy claims and that maintenance and cure is no longer at issue.[17] "While the existence of prior injuries may impact causation of current injuries, whether those injuries were or were not disclosed adds nothing to that equation," says Daggs.[18] The Court finds that the evidence of concealment is relevant to the issue of contributory negligence and thus admissible but, as the parties note,[19] this Court's order[20] dismissing the maintenance-and-cure claim is not itself admissible.

Nevertheless, Defendants ask the Court to provide the jury with an explanation of "what maintenance and cure is and that plaintiff waived his claim."[21] The Court declines to provide any such explanation as it will unnecessarily confuse the jury since maintenance and cure is not at issue. Yet, Defendants also argue that they should be allowed to offer the dismissal of Daggs's maintenance-and-cure claim as character evidence.[22] This the Court will not allow as it plainly contravenes Rule 404(b) of the Federal Rules of Evidence. Accordingly,

IT IS ORDERED that the evidence related to Daggs's failure to disclose prior injuries is admissible if offered for purposes of proving contributory negligence, but Defendants may not offer evidence of Daggs's failure to disclose prior injuries or the dismissal of his maintenance-and-cure claim as character evidence.

## III. Defendants' Second Pretrial Memorandum (R. Doc. 126)

In Defendants' second pretrial memorandum, they allege that Daggs intends to call one of

---

[16] *Id.* at 5-6.
[17] R. Doc. 134 at 4.
[18] *Id.* (emphasis omitted).
[19] R. Docs. 124 at 6-7; 134 at 3.
[20] R. Doc. 59.
[21] R. Doc. 124 at 8.
[22] *Id.* at 9-10.

the key witnesses in the case, Clayton Duncan, by way of deposition.[23] Defendants ask the Court to preclude the use of Duncan's deposition testimony because Duncan is within the subpoena power of the Court and Daggs has not shown that Duncan is unavailable for trial.[24] Daggs states that he has issued a subpoena to compel Duncan's attendance at trial and that, if he cannot be served and is thus unavailable, Daggs will request permission to play excerpts from Duncan's video-recorded deposition.[25] The Court will not now rule on this issue as the trial has been continued and Daggs has another opportunity to subpoena Duncan for trial.

## IV.  Objections to Trial Exhibits (R. Doc. 127).

Both Daggs and Defendants have raised objections to various trial exhibits.[26] Because the trial has been continued, the Court declines to rule on these objections at this time.  Should these objections still exist at the time trial is reset, the parties may raise them then.

New Orleans, Louisiana, this 14th day of February, 2022.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[23] R. Doc. 126 at 1.
[24] *Id.* at 1-2.
[25] R. Doc. 131 at 2.
[26] R. Docs. 127; 140.